## PARKER *vs.* RICHARDSON.

When a defendant has not prayed below for relief against his co-defendant, who was brought in only as regards any interest he might have in the premises, the sale of which was prayed for, he cannot have any on the appeal.

Eastern District.
*March*, 1820.

PARKER
*vs.*
RICHARDSON.

APPEAL from the court of the first district.

This action was brought to recover from the defendant fifteen hundred dollars, and the facts of the case are in substance as follows :

By a contract entered into with Fiske, the agent of the defendant, (who owned a lot on the Batture) it was agreed that the plaintiff should fill it up, in conformity with the police regulations of the city and suburbs of New-Orleans, for which he was to receive the price of fifteen hundred dollars at the expiration of one year from the date of the contract, provided he produced a certificate from the city surveyor that the lot was properly filled up; and it was further agreed upon, that if the sum was not punctually paid, interest was to be charged at the rate of ten per cent., the plaintiff for security retaining a lien upon the lot. The plaintiff prayed judgment for fifteen hundred dollars, with interest—That the lot might be seized and sold to satisfy the judgment—and that the heirs of Gravier, who presented a claim to the lot, might also be made parties to the suit. The defendant in his answer denied generally the allegations in the petition, and the heirs of Gravier answered that they were sole owners of the lot, and in possession of the same—That if the plaintiff had filled

it up, he done so as an intruder, was entitled to no remuneration, but responsible to them in damages. The plaintiff then filed a supplemental petition, averring that the work done upon the lot was worth fifteen hundred dollars, and prayed that, upon proving this fact, judgment might be rendered not only against Richardson, but also against the heirs of Gravier for fifteen hundred dollars, with interest as stipulated in the contract.

Eastern District.
<em>March,</em> 1830.

PARKER
<em>vs.</em>
RICHARDSON.

The plaintiff produced in evidence, 1st, the certificate of the city surveyor, that the lot was filled up in conformity to the police regulations. 2d, The contract between Fiske and himself, stipulating to pay fifteen hundred dollars, and proved further that the work was worth that sum.

The court below gave judgment for the plaintiff for the amount claimed, and decreed that the defendants interest in the lot be seized and sold. The defendant appealed.

*Maybin* for appellant, *Grymes* for appellee.

MARTIN, J. delivered at March term 1829, the opinion of the court. This action, like that of *Parker* vs. *Walden,* 6 Martin, n. s. 713, is brought on a contract between the mayor of the city of New-

Orleans and the plantiff, in pursuance of an adjudication to the latter of the filling up of the present defendant's lot. The plaintiff further alleges, that Fiske, the defendant's agent, promised to pay therefor, within one year, fifteen hundred dollars, with interest at ten per cent. if not punctually paid, the defendant producing a certificate from the proper officer that the lot was rightly filled up.

After averring that the work was performed and the certificate produced, the petition concludes with a prayer that the defendant may be cited, the lot sold, and that the heirs of Gravier, who claim an interest therein, may also be made parties.

The defendant, Richardson, pleaded the general issue.

The heirs of Gravier opposed the sale of the lot, on the ground of the plaintiff having acted without authority, and being entitled to no privilege on the lot.

The court gave judgment for the plaintiff. The defendant, Richardson, appealed.

His counsel urges, that the part of the judgment which condemns him personally and exclusively is erroneous, because the work alleged by the plaintiff to have been

PARKER
*vs.*
RICHARDSON

done, having been directed by an ordinance of the city council, created a lien on the lot claimed by the appellant and Gravier's heirs, and by no others ; and all the alleged owners being in court, the question between the plaintiff and them should have been there settled, so that in any future controversy between the claimants, there should not be any dispute as to the value of the work ; and in case the lot be thereafter declared to be the property of the heirs, the appellant, after having paid the plaintiff, might have his lien or privilege, without being driven to his action to establish the value of the work.

It does not appear to us that the district court erred. The appellant, a defendant below, did not pray for any relief against his co-defendants, who were brought in only as regard to any interest they might have against the lot, the sale of which was prayed.

Where a defendant has not prayed below for relief against his codefendant who was brought in only as regards any interest he might have in the premises the sale of which was prayed for, he cannot have any on the appeal.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

A rehearing was granted, upon the application of the appellant, Richardson, and in March, 1830,

MATHEWS, J. delivered the opinion of the court. It appears that a judgment was rendered in this case, by the supreme court, in March term, 1829, and that a rehearing was afterwards granted at the instance of the appellant. He complains of the judgment of the district court as defective, in not having pronounced on the claims of the heirs of Gravier, who became parties to the suit, and condemned them to the payment of the sum demanded by the plaintiff, in consequence of allegations on their part, that they are the owners and possessors of the lots of ground which were filled up by the appellee, Parker, who sues to recover the value of the work and labour by him performed, in the execution of his contract or agreement to fill up said lots, entered into with the defendant Richardson, through the agency of Fiske, the attorney in fact of the latter.

We are unable to perceive any good reasons why the original defendant should complain, because judgment was not rendered against the parties, who subsequently intervened in the cause. The supplemental petition and answer of the heirs of Gravier created a distinct issue between them and the

plaintiff—in truth, a suit different from that originally brought against Richardson. The first is an action on a specific contract, in which the defendant promised, on certain conditions to be performed by the plaintiff, (and which have been performed, as appears by the evidence of the cause) to pay to him fifteen hundred dollars, with interest at the rate of ten per cent. per annum after a certain date, the payment of which was secured by a lien stipulated on the lots which were to be filled up. Now by this contract he bound himself personally, and burthened the property with a species of mortgage to the extent of his right and interest therein.

The judgment of the district court touches no matters except those which arise out of this contract and the pleadings between Parker and Richardson. It condemns the latter personally to the payment of the sum expressed in the agreement, and subjects his interest in the lot to be sold in satisfaction of the judgment. The plaintiff might, perhaps, with some semblance of justice, have complained of the decree of the court below, in not ordering the lot to be sold absolutely on the suit and issue between him and the heirs

PARKER
*vs.*
RICHARDSON.

of Gravier ; but how the defendant can legally interfere in that affair, we are at a loss to discover. Any claim which he may possibly hereafter have, *ex equo et bono*, against Gravier's heirs for money paid and advanced to their use and benefit, cannot be taken into consideration in the present suit.

It is ordered that the judgment rendered in this cause, on the second day of March, 1829, remains undisturbed.