WESTERN DIST·
October, 1840.
─────────
BROWN
vs.
GUNNING'S
CURATRIX ET AL.

BROWN vs. GUNNING'S CURATRIX ET AL.[*]

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF
RAPIDES, THE JUDGE THEREOF PRESIDING.

A suit on the bond of a curatrix, against her sureties, to render her *personally* liable, and recover against them individually, must be instituted in the courts of ordinary jurisdiction.

This is an action on the bond of a curatrix, against her and her sureties, to render them personally liable for plaintiff's demand. He alleges, that the widow of the late William Gunning, was appointed curatrix of his succession in January, 1834, and gave bond with William R. Leckie and P. Barry, as security, conditioned, that she would well and truly execute the duties of curatrix, according to law; that she has received the funds and effects of said succession, and converted them to her own use, and failed to use proper diligence in collecting other and many claims due to said succession. That he paid as the surety of William Gunning, in his lifetime, the sum of one thousand six hundred and fifty-seven dollars eighty-three cents, being the amount of a note given by him to Morgan & Brothers, with ten per cent. interest per annum from maturity, and for which he has judgment in the sum of two thousand six hundred and sixty-seven dollars, interest and costs. That this sum has been admitted by the curatrix as due to him, and placed on the tableau filed by her, but has never been paid; wherefore, he prays judgment against her and her sureties, on the bond *in solido*, and, personally.

The defendants excepted to the jurisdiction of the District Court, and averred, that the Court of Probates had exclusive jurisdiction of this case.

There was judgment sustaining this exception, and the plaintiff appealed.

─────────

[*] *Bullard J.*, did not set in this case, having some interest in the suit.

*Dunbar* and *Hyams*, for the plaintiff and appellant, urged the reversal of the judgment. The exception was erroneously sustained. Suits on the bonds of curators and others, must be brought in the court of general jurisdiction. It is not a suit or demand against an estate, but an action to render the curatrix liable with her sureties, for the amount of the plaintiff's claim on account of mal-administration.

WESTERN DIST.
*October*, 1840.

BROWN
*vs.*
GUNNING'S
CURATRIX ET AL.

*Brent*, contra, insisted this was a claim against the estate of Gunning, and must be produced in the Court of Probates. This court has exclusive jurisdiction over all money demands against an estate administered by curators, &c. *Code of Practice*, 924; *No.* 9, 997; 2 *Louisiana Reports*, 184.

*Martin J.*, delivered the opinion of the court.

This is an action brought in the District Court, against a curatrix and her sureties, on her bond, to recover a sum of money, for which the plaintiff alleges he has been placed by her on the tableau of distribution homologated by the Court of Probates, on a charge of mal-administration of the estate, and the conversion of its funds to her own use.

The defendants pleaded to the jurisdiction of the court, averring, that the cognizance of a case like the present, is exclusively vested in the Court of Probates; *Code of Practice,* 997. By this article, it is provided, that "Courts of Probate, who have appointed curators, or other persons administering successions, *alone* have the power of compelling them to account and pay over what they may be found to owe."

The plaintiff does not seek to compel the curatrix to pay him any part of the estate in her hands, but to recover from her, *de bonis propriis,* a sum of money, which he alleges she has been ordered to pay him, and which she has failed to pay, whereby he has the present action on her bond, against her and her sureties, in consequence of her mal-administration and the conversion of the funds to her own use. We have often held, that suits like the present must be brought in the courts of ordinary jurisdiction.

A suit on the bond of a curatrix against her sureties, to render her *personally* liable, and to recover against them individually, must be instituted in courts of ordinary jurisdiction.

The exception to the jurisdiction of the District Court, was therefore, improperly sustained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; the exception to the jurisdiction of the court overruled, and the case remanded for further proceedings according to law; the defendants and appellees paying the costs of the appeal.