WESTERN DIS.
October, 1841.

BROWN
vs.
GUNNING'S CU-
RATRIX ET AL.
ninety-six cents, with interest thereon at the rate of seven per centum per annum, from the 11th day of October, in the year 1839, until paid, with the costs of protest and of this suit in the District Court, those of the appeal to be paid by the plaintiff and appellee.

---

## BROWN vs. GUNNING'S CURATRIX ET AL.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF RAPIDES, THE JUDGE OF THE DISTRICT PRESIDING.

The obligation of sureties in a curator's bond is that the principal will administer the estate according to law; and his duty requires him to pay all the creditors equally and according to their rank.

A surety is only liable for the acts of the curator during the continuance of his bond; and for the proper application of the funds received during that time.

Judicial sureties are bound *in solido;* so each surety in a curator's bond is liable to the action of the creditors of the estate, for the whole amount claimed.

The action on a curator's bond against the sureties, is not prescribed by the lapse of one year. It is an action *ex contractu.*

This is an action against the curatrix of the estate of Wm. Gunning, deceased, and two of her sureties on her bond, to render them personally liable *in solido,* for failing to pay over the amount of the plaintiff's claim, which is allowed and he is placed on the tableau of distribution among the creditors of. said estate. The case has already been before this court; 16 *La. Rep.,* 238.

The tableau of distribution placing the plaintiff thereon as a creditor and proposing to pay him with the other creditors on

said tableau, was homologated and the curatrix directed to pay accordingly, by a judgment of the Court of Probates, the 13th February, 1837.

The curatrix having failed to pay, the plaintiff instituted this suit on her bond, the 5th November, 1838.

On the return of the case to the District Court evidence was taken to show the estate was solvent; or at least there were ample funds to pay the debts placed on the tableau and ordered to be paid.

The defendants among other defences interposed the plea of prescription.

There was a verdict and judgment for the plaintiff against the curatrix and one surety in solido for the sum claimed ; and against the other surety for only a part. The defendants appealed.

The plaintiff asks judgment to be amended so as to be against all the defendants in solido for the whole debt and interest.

*Dunbar & Hyams*, for the plaintiff and appellee.

*Bryce & Cochran*, for the defendants and appellants.

*Brewer*, on the same side, made the following points :

1. A woman is incapable of acting as curatrix. A bond given as such is null and void; La. Code, art. 25; 7 Martin, N. S., 466.

2. The bond is without effect, because it is not such a bond as the law requires ; not being for one-fourth over and above the amount of the inventory; Mrs. Gunning never took the oath as required by law, nor did letters testamentary ever issue; La. Code, arts. 1119, 1120; 6 Martin, N. S., 528; 1 Idem, 592; 5 Idem, 506; 6 Idem, 402; 6 La. Rep. 355; 11 Idem, 508; C. Pr. art. 924, No. 6, 931.

3. All actions of damages for mal-administration, neglect to perform the duties of curatrix, and all other damages resulting from *quasi offences*, are prescribed against in one year; La.

WESTERN DIS. Code, arts. 3501, 2294, 2295 ; 11 Toullier, pp. 156, 157 ; 6
October, 1841. Martin, N. S., 669 ; Semple et al. vs. Buhler ; Fisk vs. Brow-

BROWN
*vs.*
GUNNING'S CU-
RATRIX ET AL.

der et al., 6 Idem, 691 ; Balfour vs. Browder, Ibid, 708.

4. The declaration of Gunning that he was principal in the note of C. Morgan & Brothers, and that Brown was only bound as surety, was improperly received as evidence against the parties in this suit.

5. The judgment must be reversed because it gives interest on a larger amount than is allowed by the verdict ; Bedford et al. vs. Jacobs, 5 Martin N. S., 449 ; Idem, 462 ; 7 Idem, 225 ; 8 Idem, 263.

6. The judgment is for a greater amount than appears to be due by the evidence, even if Brown paid the note and was subrogated to the rights of Morgan & Brothers. The case must therefore be reversed and sent back to inquire into the extent of costs.

*Garland, J.* delivered the opinion of the court.

This case was before us at the last October term, on an appeal of the plaintiff from a judgment of dismissal for want of jurisdiction and remanded for a new trial ; 16 La. Rep., 238.

The defendant, Sophia E. Gunning, was on the 22d of November, 1834, appointed by the Probate Court curatrix of the vacant estate of her deceased husband, Wm. Gunning. On the 14th of January, 1835, she gave bond for $32,382, with the defendants, Barry and Leckie, and W. T. Crain, now dedeceased, as securities, the condition of which states that she has been appointed curatrix as aforesaid, and concludes that if she shall " well and truly execute the duties of her said appointment according to law," then the obligation is to be void, &c. On the 28th of November, 1834, at the request of Mrs. Gunning, the probate judge commenced an inventory of the succession, which consisted of an assortment of drugs and medicines, notes and accounts owing by various persons; lands, slaves and moveable property, and closed the same on the 5th of January, 1835, amounting to $28,667. Shortly after which

WESTERN DIS.
*October*, 1841.

BROWN
*vs.*
GUNNING'S CU-
RATRIX ET AL.

the bond aforesaid was given, and she took possession of the estate. On the 27th of the same month, she presented a petition to the Probate Court, stating it was necessary for the payment of the debts that the property should all be sold, which sale was ordered by the court. The stock of drugs and medicines to be payable $2000 on April 1st, 1835, and the balance in twelve months from the day of sale. The household furniture to be sold, all sums under $50 cash, for that sum or more twelve months credit. One slave to be sold for cash. An improvement in the pine woods on a credit of one year; the balance of the real estate and slaves payable in one, two and three years, and the remainder of the personal property for cash. On the 26th of February, 1835, a sale was made on these terms.

The stock of drugs and medicines sold for,........... $2,583 00
The household furniture was all sold to the same person on twelve months credit for,...................... 449 00
The slave was sold for cash for,...................... 865 00
The improvements in the pine woods sold for,........ 105 00
The other real estate and slaves sold for,............ 4,900 00
The remainder of the personal property sold for,..... 158 00
_____
$9,060 00

Several articles of household furniture seem not to have been sold.

The cash sales amounted to,........................... $1,023 00
Cash on hand at the time of the inventory,.......... 70 00
_____
$1,093 00
Payment due on the 1st April, 1835,................ 2,000 00
Collected by Goodwin in 1835, say,................ 1,250 00
_____
$4,343 00
It seems she and her attorney collected on the debts owing the estate the further sum of,.............. 1,807 00
_____
Making,.............................................$6,150 00

WESTERN DIS.
October, 1841.

BROWN
vs.
GUNNING'S CU-
RATRIX ET AL.

The curatrix proceeded with her administration of the estate, without further authority from the probate judge, until the 25th of February, 1836, when she presented to him a statement of the debts of the succession, which she proposed to pay, representing the succession as solvent.   On the same day, the judge ordered this statement or tableau to be advertised according to law, but whether it was ever done does not appear. On the 13th of February, 1837, the Probate Court ordered the debts to be paid according to this statement, so far as they are liquidated and extended on the same.   In this statement the debt claimed by the plaintiff is put down in the name of the persons under whom he claims, for the full amount of the principal, and it is stated to be bearing ten per cent. interest from May 1st, 1831, and a blank is left for the amount of costs.

On the 27th of February, 1836, the curatrix presented to the parish judge, what she called an account of her administration for the year, in which she represented she had paid debts to a large amount, and collected about the sum heretofore stated, which the judge says he has examined, and compared with the vouchers exhibited; and approves it, with the exception of one charge of $6000, for which there is no voucher; he therefore continues her in the administration for another year.   He also states the attorney for the absent heirs was present.   This account, which represents a considerable balance in favor of the curatrix, with the judgment thereon, she filed in the Probate Court on the 1st of March, 1836, with a petition praying it be approved and that she be continued in her functions as curatrix.   Together with these proceedings she filed another bond dated on the 29th of February, 1836, for the sum of $26,300, the condition of which recites her continuance as curatrix, and concludes with a similar clause to account as the first bond.   This last bond was signed only by Barry and Crain as sureties.

What has been done with the estate since the execution of this last bond, the record does not inform us.   No account has been rendered in any shape, although a judgment directing the

curatrix to render one was procured by one creditor in Feb-
ruary, 1838, and another judgment ordering her to account
was rendered in February, 1840, at the instance of the present
plaintiff and other creditors, both of which have been disre-
garded.

On the two bonds, executed as aforesaid, Mrs. Gunning and
her sureties, Leckie and Barry, are sued. The plaintiff says
he has paid the debt that was owing to Morgan & Brothers,
and is now entitled to recover it; that it was placed on the
statement or tableau which was homologated and the amount
ordered to be paid. Various breaches of the bond are assign-
ed; among them that Mrs. Gunning has collected large sums
which she has not paid to the creditors or accounted for; that
she has not paid his (plaintiff's) debt, as directed; that she has
wasted the estate and otherwise disposed of it contrary to law,
wherefore she is responsible to pay the debt claimed.

The defendants have interposed a variety of exceptions,
some of which have been disposed of by the judgment of this
court sustaining the jurisdiction of the District Court; the
others do not seem to require a detailed notice, but we think
the court acted correctly in overruling them all.

In their answers to the merits, the sureties specially allege
the solvency of the succession, and say it is the fault of plain-
tiff; he has not made the curatrix pay the debt. She and they
admit the debt to be owing to plaintiff, but say it amounts to
no more than $1657 53, as appears by the statement or
tableau, which has been homologated. There is a general
denial as to any waste or neglect, and of any responsibility to
pay; there is also an allegation on the part of the sureties that
the plaintiff cannot subrogate them to his rights if they are
condemned to pay.

There was a verdict against all the defendants for the sum
of $470, with interest at 10 per cent. per annum from the 1st
of March, 1837, until paid, and against Mrs. Gunning and
Barry for the sum of $2,197, with interest at 10 per cent. per

WESTERN DIS. annum on $1,187 83, part thereof from the 1st. of March,
October, 1841. 1837, until paid, and interest at the rate of 5 per cent. per
BROWN annum on the sum of $967 06, from the 1st of March, 1837,
vs.
GUNNING'S CU-until paid. On which the court rendered judgment accord-
RATRIX ET AL. ingly, against the parties *in solido*, from which all the defen-
dants have appealed.

In the answers of the defendants, they admit the principal of the debt claimed, say it was placed on the statement or tableau which was duly homologated. We are then utterly unable to see on what ground they can refuse to pay the interest on that principal, which is as plainly stated as the principal itself. That the plaintiff has paid the debt to Morgan & Brothers as the surety of Gunning; the testimony fully satisfies us, and we see no force in the bill of exception taken to the admission as evidence of Gunning's statements, that Brown was his surety on the note, although he appeared to be bound *in solido* on its face.

But the defendants contend, that as they have shown by the account rendered to the Probate Judge, in February, 1836, that the curatrix has paid to creditors all the money she received previous to that period, they are in no manner res-

The obliga-ponsible now. The obligation of the sureties is, that the
tion of sureties
in a curator's curatrix shall administer the estate according to law. What
bond is that the
principal will then were her legal duties? The articles 1126, 1128, 1140,
administer the
estate accord-1142, 1153, 1160, 1167, 1168, 1169, 1170, 1172, 1173, and
ing to law; and
his duty re-others in the Civil Code, and articles 985, 986, 987, 988, and
quires him to
pay all the cre-others point them out very distinctly. During the first year
ditors equally
and according of her curatorship, the curatrix paid various creditors of the
to their rank. estate the full amount of their debts, without any authoriza-
tion from the judge. But say the defendants, she was autho-
rized by the judge afterwards, to pay those debts, and that is sufficient; the act is legalized by the judgment rendered on the 13th of February, 1837. Supposing that to be true, they forget the same order directed them to pay the plaintiff, or those under whom he holds, he therefore was as much entitled to be paid as any one else, and if the curatrix has preferred

others to him, she and her sureties are responsible to him for the injury.

WESTERN DIS.
October, 1841.

BROWN
vs.
GUNNING'S CU-
RATRIX ET AL.

An examination of the evidence in this case, and a reference to the laws we have quoted, will show the curatrix omitted in many particulars to do what she was required to do. In other respects she violated the law most palpably, and in no respect does it seem to us, she was disposed to do justice to all the creditors. If the curator or curatrix of a vacant estate chooses to proceed under the impression the succession is solvent, to pay a portion of the debts without a legal authorization, they may do so, but must answer for the consequences if any creditor sustains damage or loss thereby. The law regards all the creditors of the same class, as having equal rights, and one is not to be preferred to another, and it is no defence for the legal representative of an estate, or for his sureties, to say, that the funds have been used in paying just debts, if it appears one just debt has been paid in full, and another equally just has been neglected. It is to prevent this, the law requires a statement or tableau of all the debts to be presented to the judge, and his authority obtained, after having called on the creditors to present their claims. If there is money in hand to pay all the creditors, the article 1168 of the Code says plainly what is to be done. If there is not enough, the article 1169 is equally explicit in its provisions.

It is strongly insisted by the plaintiff's counsel, that Leckie is responsible for the acts of the curatrix after she gave the second bond, as the account she filed was not legally homologated. We do not think so. His liability is only for the acts of the curatrix up to the time of her second appointment, and for the proper application of the funds received previous to that date. That amount seems to have been about $6,150; if, in the application of that sum, a portion of the creditors have been neglected, he is responsible to them for the sum they have lost thereby. This is the view which the court and jury seem to have taken of the case, and allowed the plaintiff his

A surety is only liable for the acts of the curator during the continuance of his bond; and for the proper application of the funds received during that time.

WESTERN DIS. *pro rata* share, in which we do not think there is any material
October, 1841.    error.

BROWN
*vs.*          We cannot agree with the defendant's counsel, that the
GUNNING'S CU-  sureties are only jointly bound. They are judicial sureties,
RATRIX ET AL.
and as such, are bound *in solido* to the creditors of the estate,
Judicial sure-
ties are bound the action is therefore well brought. The recourse which they
*in solido;* so
each surety in may have on the estate of Crain, is not a matter with which
a      curator's
bond is liable the plaintiff has any thing to do.
to the action of
the creditors of   We have attentively examined the plea of prescription filed
the estate, for
the      whole in this court, and the authorities relied on to sustain it.   We
amount claim-
ed.            think it must fail. This is an action arising *ex contractu* on
The action     the bonds given by the parties, not one sounding in damages
on a curator's for an offence or *quasi* offence. The cases in 6 Martin N. S.
bond against
the sureties, is 665, 691; were both actions against the sheriffs personally for
not prescribed
by the lapse of damages, and not actions on their official bonds, alleging
one year. It is
an action *ex* breaches thereof. Had such been their character, we imagine
*contractu.*   the decision of this court would have been different from what
it is.

The judgment of the District Court is therefore affirmed
with costs.