SimoN, J.
In order to understand the bearing of the plea to the jurisdiction of the court, a qua, upon which the defendant’s counsel has insisted before us, and on which, we think, this case must be disposed of, it is necessary to give a statement of the grounds upon which this action is based, and of the nature of the relief which was sought at the hands of the court from whose judgment said defendant has appealed.
The plaintiff represents in his petition, that Ludewig died intestate, leaving a vacant estate which was opened as such, and that his wife, the defendant, who renounced the marriage community, was appointed curatrix thereof. That the petitioner is a creditor of said estate for a large amount, detailing the particulars of his claim, a considerable portion of which is secured by a mortgage on certain property belonging to the succession, a statement of which is given in the petition. He avers, that the said property was brought into the marriage by the defendant. as mentioned in her marriage contract with the deceased, and that the one-third thereof was donated by her to her husband, as also one-third of all she might die possessed of. That the aforesaid mortgage was given on the whole of said property, with all the rights the deceased had acquired therein, together with other property which he had purchased during the marriage. That during the marriage, valuable improvements were put upon the mortgaged land, whereby its value was increased to a large amount; and that other property having been inherited by the defendant during the marriage, one-third thereof, as also of the children of her slaves, belonged to the deceased.
He further states, that the defendant has failed to have a legal inventory made of the estate as curatrix, having given in only a small portion thereof, and refusing to give in the larger part, whereby the estate has been appraised at one-fourth of its value. That she incorrectly declared the quantity of the crop on hand, &c., so that the land, slaves, and personal property not being specified or identified by the inventory, a large portion thereof was concealed and converted to her own use, whereby she is liable to pay the whole of the debts of her deceased husband, and not entitled to avail herself of her renunciation of the community. That she has further neglected her duty as *190 curatrix, never filed any tableau of distribution, has not caused the effects to be sold to pay the debts, &c.
He therefore prays, that the defendant be compelled to pay the debts of the estate ; that a true inventory thereof be made; that the donated property be decreed to belong thereto ; that she file a tableau of distribution, on which he claims to be placed as a mortgage creditor; that her renunciation be considered null and void; that judgment be rendered against her to'account for the estate and pay the debts thereof; or, in default of complying with the legal requisites, that she be bound to pay said debts out of her individual property ; and that the increased value added to her land be ascertained, and she decreed to pay the amount thereof to the creditors, &c.
The defendant, in her answer, pleads first, that the Court of Probates is without jurisdiction, and cannot take cognizance of the plaintiff’s demand. She further avers, that the donation alluded to in the petition has no legal force or existence ; that the property said to have been donated by her to her husband, belongs to her; and she proceeds to set up and detail her rights against the estate of her husband, secured by legal mortgage on the property belonging thereto ; and she prays to be quieted in her possession of her property; that the plaintiff’s demand be rejected, and that her rights against the succession be recognized, &c.
Under these pleadings, the Judge, a quo, considered himself authorized to investigate the matters in controversy, declared the donation valid, liquidated the rights of the defendant against the estate of her husband, reserving to both parties the right to class their debts in an action contradictorily with all the creditors of the estate, and reserving all the rights of the plaintiff against defendant for her personal liability to his demands.
The object of this action appears to be twofold : 1. It is an, attempt to render the defendant liable, personally, to pay the debts of the estate, and particularly that due to the plaintiff; and 2. To compel her, in the mean time, as curatricc, to render an account of the estate, and to file a tableau of distribution. Two ' questions arise:
1. Is the object of the first branch of the case, within the jurisdiction of the Probate Court ?
*191 2. Is not the second branch necessarily unconnected with the other in the present suit, though it is not declared upon as a distinct ground of action ; and can it be consistently carried on with the demand against the defendant personally ? Does not the one exclude the other?
I. It is clear the Court of Probates \vas without jurisdiction to decide on the matters set out in the plaintiff’s petition, in relation to the defendant’s personal liability. It is true, she is sued as curatrix, but one of the principal grounds alleged against her, from which she is said to have incurred a personal responsibility is, that she has concealed property belonging to the estate, and has converted it to her own use, whereby she has lost the benefit of her renunciation, and has become liable personally to pay the debts of her husband. The main object of the suit is to obtain judgment against her individually, and such was virtually the judgment appealed from. It is not pretended that the property which she failed to include in the inventory, is in her possession as curatrix, but that she claims the same as her own, and refuses to give it up. Hence necessarily grows out a question of title, which is not presented here collaterally, but directly; since the issue to the plaintiff’s demand against her personally, must be, and is actually, that the property by her kept in her possession, belongs to herself and not to the estate, whereby she cannot be made liable personally to pay the amount due to the plaintiff by the succession. It is well settled, that Courts of Probate have no jurisdiction of a claim against an administrator personally, for mal-administration; (5 Mart. N. S. 217. 1 La. 65. 6 La. 451. 10 Ib. 427 ;) that they cannot take cognizance of a suit brought against a surviving wife to annul her renunciation of the community, and make her liable personally to pay the debts thereof; that even a suit on the bond of a curatrix against her and her sureties, to recover against them individually, must be instituted in the courts of ordinary jurisdiction ; (16 La. 238 ;) and that the Court of Probates cannot inquire directly into the title of real estate, though there are cases in which it may be done incidentally. It is not enough to allege, that a defendant is curatrix of an'estate, to give jurisdiction to the Court *192 of Probates of a subject matter not in itself of probate jurisdiction. 7 La. 378. 11 lb. 21, 388. 14 La. 177.
TÍ. This second branch of the case appears in the petition to be the consequence of the other; that is to say, the plaintiff seeks to compel the defendant to render an account of the estate, in case he does not succeed in making her personally liable. But it is clearly a distinct ground of action, and had it stood alone against said defendant as curatrix, there is no doubt that the Court of Probates would have had jurisdiction to take cognizance of it, and render a judgment on this object of the plaintiff’s demand. But the demand against the defendant as curatrix, is inconsistent with the action against her individually; one necessarily precludes the other; they cannot be exercised together; for if she be bound personally, there is no object in asking her to render an account as curatrix ; and if she is ordered to render an account as curatrix, this cannot be under the allegations of the petition, but the consequence of the claims against her individually being defeated. Art. 149 of the Code of Practice says, that the plaintiff is not allowed to cumulate several demands in the same action, when one of them is contrary to, or precludes, the other. Different causes of action cannot be cumulated against the same defendant. 6 Mart. N. S. 392. 2 Ib. N. S. 323. A similar question having been presented to our solution in the case of Blake v. His Creditors, (6 Rob. 526,) we there expressed our opinion, that it was clearly irregular; that the two demands ■could not be prosecuted together; and that it is the duty of the plaintiff to select and point out the action upon which he relies in the enforcement of his rights. Here, the plaintiff has not made any such selection ; he has not abandoned any of his grounds of action ; one was within the jurisdiction of the Probate Court, and the other was not; the court, a qua, however, .appears to have acted upon both, though no judgment was pronounced upon the main one; and we think, that as it stands, the case could not be acted upon in the lower court, and that it must be dismissed. 4 Mart. N. S. 360. 7 Ib. N. S. 400.
It is, therefore, ordered and decreed, that the judgment of the Probate Court be avoided and reversed; and that the present *193 suit be dismissed at the costs of the plaintiff and appellee in both courts.
McGuire, for the plaintiff.
Copley and Garrett, for the appellant.