## HONORE P. MORANCY *v.* W. A. CLARE et al.

A party is not liable for exemplary damages for the wrongful issuance of an injunction to prevent waste, unless he acted from malice and without probable cause, nor is he liable at all unless actual damages have been sustained in consequence of the injunction.

APPEAL from the District Court of Madison, *Richardson*, J. *Stacey* and *Sparrow*, for plaintiff. *Thomas* and *Snyder*, for defendants. The judgment of the court was pronounced by

ROST, J. In the suit of the plaintiff against *Ford*, reported in 2d Ann. 299, both parties claimed to be the owners of certain back lands fully described in the report of that case. During the pendency of that suit, the defendant

enjoined the plaintiff in a separate action from committing waste and in any manner entering upon the land in controversy, and gave bond as required in cases of injunction for the sum of two thousand dollars.

MORANCY
*v.*
CLARE.

After the final disposition of the principal suit in this court, the plaintiff in injunction applied to the court for leave to discontinue the injunction suit, and it was discontinued.

The plaintiff's title has been perfected by patents, and this action is now brought against the legal representatives of *Ford*, who has since died, to recover the damages alleged to have been sustained by the plaintiff *Morancy*, in consequence of the wrongful sueing out and continuance of the injunction. The plaintiff does not sue simply for damages due on the bond. He charges that the proceedings in injunction were wanton and illegal; that they were resorted to without any just cause, and with the view and intent of injuring and harrassing him: and for this malicious proceeding as well as for the injury sustained by being prevented from improving and cultivating the land, he claims five thousand dollars damages.

The answer denies the malice alleged, and avers, that *Ford* had good reason to believe, and really did believe, that he had the best title to the land, and that he sued out the injunction in the exercise of a legal right for the consequences of which he is not responsible in damages. The answer also contains a plea of prescription. The jury who tried the cause found for the defendants; and the plaintiff has appealed from the judgment rendered on the verdict.

It is too clear for argument, that this is not a case in which the defendants can be mulcted in damages on the ground of malice and want of probable cause in the injunction suit instituted by their ancestor. Under the facts as presented in the suit for the land, our impression was that the equity of the defendant's claim was superior to that of the plaintiff; and although the plaintiff has succeeded in obtaining a patent, it is not certain, from the evidence in this record, that he will ultimately hold the land.

In relation to the amount of damages actually sustained by the plaintiff, the record contains nothing but the conjectural opinions of witnesses, which seem to conflict with the facts stated by them and others. The jury appear to have come to the conclusion that no damages had been proved; and as the verdict is not manifestly erroneous we will not interfere with the judgment.

The judgment is therefore affirmed, with costs.

6    179
45   650

6    179
46   1521

6    179
48   1017

6    179
120  437