LATIMER McKIE & Co. *v.* THE N. O. JACKSON & GREAT NORTHERN RAIL ROAD COMPANY.

Courts are bound to give legal effect to all contracts, according to the true intent of all the parties. C. C. 1940.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *Kennedy & Miles,* for plaintiffs and appellants. *J. J. Michel,* for defendant.

MERRICK, C. J. The suit is brought to recover of the defendant $8,267, for

McKIM & Co.
v.
N. O. J. & G. N. R.

embankment made from excavation and banking over 500 feet on the line of the road.

The controversy in this suit is confined to the question of liability of the defendant to pay for 48,452 yards of embankment made from excavation within 500 feet of the same, at fifteen cents per cubic yard.

By the contract, the defendant, among other things, promised to pay the plaintiffs on the final completion of the work, twenty-five cents per cubic yard for excavation; for embankment per cubic yard from side ditches twenty-five cents; for hauling over and above the first five hundred feet, one cent per cubic yard; for each one hundred feet and embankments, made from excavation, fifteen cents per cubic yard. The contract, however, is modified at its conclusion by the addition of this clause which we italicise, viz :

" It is understood in this contract, that the fifteen cents for embankment made from excavation in line of road *over five hundred feet,* covers the hauling for an average *haul* of fifteen hundred feet beyond the five hundred feet, and that the price of one cent per yard per hundred feet is only to be paid for excavation from burrowing pits for embankment or for ballasting the road-bed with sand or gravel when hauled over five hundred feet."

The contract provided that the work should be done under the direction of the chief engineer and his assistants, who were to make estimates &c.; and it was further added that, " the said engineer shall have full power to reject or condemn " all work or materials which in his opinion do not fully conform to the spirit of " this agreement, and shall decide every question which can or may arise between " the parties relative to the execution thereof, and his decision shall be final and " binding upon both parties."

The plaintiffs performed the work, and among other things, according to the testimony of one of themselves, in making the excavations, during its progress, they deposited the 48,452 yards of excavation sued for, on the line of the road within the five hundred feet. The engineer refused to include this in his monthly or final estimates for more than twenty-five cents per cubic yard, but estimated all deposited on the line of the road over that distance at *forty* cents per cubic yard. The plaintiffs received the monthly estimates, but did not acquiesce in the same. Notwithstanding the representations of the plaintiffs, the chief engineer concluded that the plaintiffs were not entitled to payment of more than twenty-five cents per cubic yard for excavation deposited on the line of the road under five hundred feet, and he made his estimate accordingly. The whole amounted to $187,985 37½ subject to the previous payments.

The plaintiffs gave their receipt to the defendant purporting to be in full settlement of all demands against the Company growing out of the contract, and fixing the actual cash balance thus settled at $8,902 19. The receipt, however, contained this reservation, viz, " The subject of the 'haul' in the above contract (which is referred to in the receipt) is to be settled by agreement hereafter between the board and the undersigned, and we hereby agree to abide by the decision of the Board of said Rail Road Company."

The plaintiffs claimed in their petition $1000 for hauling, at the rate of one cent per cubic yard for each 100 feet above the 1500 feet beyond the first 500 feet. The testimony however tends to show, that it was for hauling over five hundred and under seven hundred feet. The witness (one of the plaintiffs) says as near as he could make out, they hauled about 8100 cubic yards of earth over five hundred feet, for which they would be entitled to one cent additional per

cubic yard, and about 8000 cubic yards six hundred feet, for which they would be entitled to two cents per cubic yard.

The District Judge gave judgment in favor of the plaintiffs for $1000, and they appeal. The defendant, in answer to the appeal, prays that the judgment may be amended.

The case rests almost exclusively upon the testimony of one of the plaintiffs. There is no other witness to prove the quantity or value of the work done which plaintiffs suppose has not been fully paid for; it having for convenience of parties been agreed that the case should be tried in this city under the rules of evidence established by the statutes of Mississippi. Were it not for the construction given by this witness to the word "haul" used in the receipt, the case would, we think, be free from difficulty.

The defendant contends that the word means nothing more than the act of hauling, and that the receipt is itself a bar to everything else. The plaintiff in his testimony swears it embraces embankment under five hundred feet.

The receipt itself confines the reservation to the "haul" mentioned in the contract. Now when we look into the contract, we find the word in the explanatory clause added to the contract, and there it means the act of hauling the earth without reference to the place from whence hauled. And in this sense the plaintiff himself uses the word in two places in his own testimony.

We are not aware that the word "haul" or hauling can with any propriety be applied to earth thrown with the spade or carried a short distance on a wheelbarrow. Nevertheless, it will appear on reflection, that a portion at least of the embankment made from excavation within five hundred feet must be made in this manner.

If plaintiffs be restricted in the definition of "haul" to the act of transporting by carts or wagons, their recovery would be limited to $241.

Hence in this court they claim only for 48,452 cubic yards of embankment at fifteen cents made from excavation, as they say, *hauled* less than five hundred feet.

Let us now consider this claim, which depends upon the testimony of a single witness, who puts a construction upon his own receipt, and testifies in his own favor.

When he voluntarily entered into the contract, with a full knowledge of what he was doing, he made the chief engineer the arbiter not only of the performance of the work, but also of the meaning of the instrument he signed. This umpire month after month during the whole continuance of the work put the construction upon the instrument which is complained of, and as often the plaintiffs received their pay under such estimates as he made. No fraud or negligence has been charged upon the engineer, nor has it been pretended that improper influences were used to affect his decisions.

When we look at the contract ourselves, we find it impossible to say that he has not truly interpreted the same and arrived at the common intent of the parties. C. C. 1940.

It is true that in one clause of the contract the price for embankment made from excavation is fixed at fifteen cents per cubic yard, yet from another part it appears by implication that the fifteen cents were expected to be paid only for that portion of embankment which was made from excavation more than five hundred feet.

The words " over five hundred feet,"which are contained in the first clause we

McKin & Co.
v.
N. O. J. & G. N. R.

have quoted, have no other meaning, and would not have been inserted in the contract had not that been the understanding of the parties. Again, the Company only agreed to pay twenty-five cents per cubic yard for earth taken any where under five hundred feet from side ditches to make embankments. The labor was no mo·e to take it any where within that distance from excavations on the line of the road, and the engineer allowed them the same in his estimates for each.

On the whole, in view of the contract, the action of the engineer as an expert chosen by the parties, the receipt of the monthly estimates, the final receipt signed by the party, and lastly, of the fact that the case rests mainly upon the testimony of a single witness testifying under the bias of interest, we conclude that the plaintiffs are not entitled to judgment for the item of excavation and embankment for any sum more than they have already received.

Inasmuch as the plaintiffs do not claim compensation in this Court for the act of hauling, there is no basis for any judgment in their favor, and the judgment must be amended as prayed for.

The view we have taken of the case does not make it necessary to consider the effect of the estimates of the chief engineer as in contravention of the contract, nor of considering the authorities cited on this branch of the case.

It is, therefore, ordered, adjudged and decreed by the Court, that the judgment of the lower Court be so amended as to make it final, in favor of the defendant, against plaintiffs' entire demand; and it is further ordered, that plaintiffs pay the costs of both courts.