Buford vs. Tidwell.

## No. 1003.

### Wm. J. Buford vs. C. M. Tidwell.

This Court will not disturb the verdict of the jury as to the amount of damages found by them, in a case where the appreciation of such damages is essentially within their province.

A PPEAL from the Sixth District Court, parish of Morehouse. *Brigham, J.*

*Newton & Hall* for Plaintiff and Appellee.
*Ellis & Todd* for Defendant and Appellant.

The opinion of the Court was delivered by

Poché, J. Plaintiff sues for damages in the sum of $1457 52, for the burning of a gin-house and appurtenances, through the fault and negligence of defendant, who was then his lessee, and for damages occasioned to his orchard, situated on the leased premises, through the fault of defendant.

The defense was a general denial, followed by a plea in reconvention for $240, as damages sustained by the defendant in defending this suit. The case was tried by a jury, who found a verdict of $250 in favor of plaintiff, and defendant appeals. Plaintiff moves that the judgment be amended so as to increase the amount of damages allowed him by the jury.

The evidence in the record discloses the following facts:

That defendant leased for the year 1880, and took possession of plaintiff's plantation, under a written lease, by which he bound himself to take good care and to keep in the same repairs, in which they were at the time of the lease, of the fences and buildings and other improvements situated on the leased plantation, as well as of a fruit orchard situated on the place, the use of which orchard, containing about four acres of land, was reserved for the lessor.

That in the month of April, while preparing for cultivation a piece of new land, situated near the gin-house, the lessee rolled together in heaps a quantity of logs, the remnants of deadened trees, and caused the same to be fired for the purpose of burning them out of his way; that the logs burned during several days, and the fire spreading among dry grass and weeds on that tract of land, was communicated to standing dead trees, from which sparks fell on, and set fire to the gin-house twice. The first time was on a Saturday, during defendant's absence from the place, and the fire was on that day put out and the building saved through the efforts of several of defendant's laborers, one of whom notified him of the occurrence on his return home that evening. Although the log fire was still continuing, and although the defendant was well aware of the imminent danger to which the gin-house was thus exposed, it does not appear that he took any steps, by establishing a watch around the building or otherwise, to prevent the disaster which he had himself foreseen at the time that he made the lease, as shown by his remarks then made to the lessor.

On the next day, Sunday, while the defendant was in his house, entertaining some visitors, the wind increased, the gin-house caught fire, and was burned down and totally destroyed.

The mere statement of these facts, which are abundantly proven to our satisfaction by the evidence in the record, makes out a clear case of negligence and imprudence on the part of defendant, who must be held responsible for the loss thus incurred by plaintiff. C. C. 2317.

The testimony is somewhat conflicting as to the value of the property thus destroyed, and which affords the only measure of the damages to which plaintiff is entitled. But the jury, who saw and heard the witnesses, who were of the vicinage, and who were doubtless familiar with the plantation leased, and were the best judges of the value of the building and its appurtenances, fixed the damages at $250, and, hence, we would not be justified in disturbing their verdict on a point so eminently within their exclusive province.

The evidence fails to satisfy us that plaintiff's orchard was in the least degree injured or damaged by any act of defendant, and we must therefore refuse to amend the judgment appealed from, with a view to an increase of the damages allowed by the jury.

The view which we take of the case obviates the necessity of disposing of defendant's plea in reconvention, which cannot be entertained in the face of a decision favorable to plaintiff in his action for damages.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed at defendant's costs.

Mr. Justice TODD takes no part in this decision.