Levert vs. Sharpe et als.

No. 13,349.

AUGUSTE LEVERT VS. ANDREW JACKSON SHARPE ET ALS.

52 599
108 698

52 599
121 311

SYLLABUS.

1. Appeal dismissed *ex proprio motu* on demand against surety on injunction bond where the amount *claimed* against him is only $400.

2. It requires a strong case to the contrary made out to justify the court in disturbing a verdict of a jury of the vicinage on a question of damage, based on their estimate of conflicting evidence, and approved by the ruling of the trial judge denying the application for a new trial.

3. A claim for punitive damages for trespass committed is barred by the prescription of one year.

4. A claim for attorney's fees for dissolving an injunction is a cause of action arising *ex contractu* on the injunction bond, and not subject to the prescription of one year.

5. Where attorney's fees are allowed as damages for the wrongful issuance of a conservatory writ, such fees will be restricted to the services rendered in procuring the dissolution of the writ and not extended to the other services relating to the defense of the litigation on its merits.

APPEAL from the Fourteenth Judicial District, Parish of West Baton Rouge—*Talbot, J.*

*Hebert & Hebert* for Plaintiff, Appellant.

*L. D. Beale* for Defendants, Appellees.

The opinion of the court was delivered by

BLANCHARD, J. This suit is the sequel of that of Andrew Jackson Sharpe *et als.* vs. Auguste Levert, decided in May, 1899, and reported in 51 La. Ann. 1250.

In that cause the injunction sued out by Sharpe to prevent the threatened closure by Levert of a "coulee" which was alleged to be the natural drainage of his (Sharpe's) plantation was dissolved, but the "coulee" in question was recognized as the natural drain of Sharpe's property and his rights were reserved to institute such proceedings as might become necessary to prevent Levert from stopping the drain, or to enforce such rights as Sharpe might have to the "coulee" as a drainage servitude of his plantation.

No appeal was prosecuted from this judgment dissolving the writ.

On the merits of the case the same judgment was rendered as to the "coulee" in question being the natural drainage of Sharpe's property, with the same reservation of his rights, as had been rendered on the motion to dissolve the writ of injunction.

From this judgment on the merits Levert prosecuted an appeal here, with the result that the judgment was amended so as to sustain in part his reconventional demand. The substance of this amendment was that Sharpe was directed to close and fill the ditch he had caused to be dug a distance of six acres in the bottom of the "coulee" on the premises of Levert.

In other words, Sharpe was decreed by the judgment of this court to have been guilty of trespass in entering upon the plantation of Levert without his permission and digging a ditch in the "coulee" there, and he was ordered to fill the ditch and restore the *status* as it had existed before his entry. 51 La. Ann. 1254.

Following this, in July, 1899, the present action was brought by Levert to recover damages from Sharpe and other parties named (co-owners with him of the plantation adjoining that of Levert), alleged to have been occasioned by reason of the trespass aforesaid of Sharpe.

These damages are grouped under headings as follows:

Damages for injury to property .............................$1500.00
Damages punitive, as trespasser ...........................  500.00
Damages, attorney's fees in injunction suit, etc............  500.00
Damages for vexation, trouble, etc ........................  100.00
Damages for loss of time and expenses .....................   50.00

Total ...........................................................$2650.00

The case was tried before a jury in the court below with the result that a verdict favorable to defendants was returned.

From the judgment based thereon this appeal is prosecuted.

One of the parties named defendant herein is Charles S. Burns, who was surety for Sharpe on the injunction bond given in the suit of Sharpe vs. Levert. This bond was for $400, and judgment in the instant case is demanded against Burns to that extent, *in solido* with the other defendants, who are also sued for the larger amounts. The judgment rejecting this demand against Burns is not reviewable here, for want of jurisdiction *ratione materiae,* and the appeal as to him is, therefore, *ex proprio motu,* dismissed.

## I.

As to the first item of damages claimed, $1500, "injury to property," only a question of fact is involved. Many witnesses testified and, as usual in such cases, there is much conflict of testimony. The jury found against plaintiff on the issue joined and we do not feel justified in disturbing this finding. A preponderance of evidence sustains it.

It requires a strong case to the contrary made out to justify this court in disturbing a verdict of a jury of the vicinage on a question of damage, based on their estimate of conflicting evidence, and approved by the ruling of the judge refusing a new trial. Fox vs. Jones, 39 La. Ann. 929; Buford vs. Tidwell, 33 La. Ann. 1053; Railroad Co. vs. Gay, 31 La. Ann. 430; 41 La. Ann. 810.

## II.

As to the second item of damages, $500, "punitive, as trespassers," this claim is predicated on the act of A. J. Sharpe, one of the defendants, in invading plaintiff's plantation in August, 1897, and causing the ditch to be dug in the "coulee." This was a trespass, a tort, an offense, certainly a *quasi* offense. The cause of action arising therefrom is *ex delicto* and the suit based thereon should have been brought within a year of the act complained of. Certainly within a year of the time when the trespass came to the knowledge of plaintiff. Otherwise, it is barred by the prescription which is herein pleaded against it. C. C. 3536.

Besides, the facts do not, we think, make this a case justifying *punitive* damages. So thought the jury, who disallowed the claim.

## III.

As to the third item of damages, $500 "attorney's fees in injunction suit," the cause of action as to it is *ex contractu,* based upon the injunction bond given in the previous suit. Hence, the prescription of one year does not apply. Poydras vs. Patin, 5 La. 324.

In cases where attorney's fees are allowed as damages for the wrongful issuance of conservatory writs, it is well established that such fees will be restricted to the services rendered in procuring the dissolution of the writs, and not extended to other services relating to the defense of the litigation on its merits. Cretin vs. Levy, 37 La. Ann. 182; Adam Bros. vs. Gomila, Ib. 479.

The injunction was dissolved on motion, after trial. It was not appealed from. The services of the attorney employed to effect the dissolution were worth one hundred dollars. Such is the evidence, and it accords with our estimate. We think plaintiff should have been awarded this sum by the jury, and the judgment must be amended accordingly. Barrimore vs. McFeely, 32 La. Ann. 1179; Riggs & Co. vs. Bell, 42 La. Ann. 666.

But the award must be against A. J. Sharpe alone, for he alone signed the injunction bond as principal. Nor is a case otherwise made out against the other parties who are joined with him as defendants.

## IV and V.

As to the fourth and fifth items of damage claimed, "for vexation, trouble, etc.," and "for loss of time and expenses" in attending the court, we will not disturb the verdict of the jury which disallowed same.

As a matter of fact the greater part of the time spent in the preparation of his case, and in attendance upon court, and the greater part of the vexation, worry and trouble complained of by plaintiff, was incident to his defense of the litigation upon its merits and to the prosecution of his reconventional demand. The protracted litigation was over those features of the case rather than over the motion to dissolve the injunction.

Nor do we think, anyhow, that there was any such palpable abuse of the equitable remedy of injunction as will justify an award for damages under these heads. 6 La. Ann. 178; 14 La. Ann. 809; 15 La. Ann. 81; 30 La. Ann. 1163.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended by condemning A. J. Sharpe to pay plaintiff the sum of one hundred dollars, amount allowed as attorney's fees for dissolving the injunction, and by taxing the costs of both courts against him, and that in all other respects the same is affirmed.