### MURRIN v. SHELDON et al. *
No. 16157.

Court of Appeal of Louisiana. Orleans.
Jan. 13, 1936.

P. M. Milner, of New Orleans, for appellants.

Jos. Rosenberg and Cyril F. Dumaine, both of New Orleans, for appellee.

JANVIER, Judge.

J. W. Sheldon, in 1926 and subsequent years, was a real estate broker in the city

of New Orleans. In obtaining his license as such, he furnished bond as required by Act No. 236 of 1920, the surety on the said bond being Fidelity & Deposit Company of Maryland. On November 1, 1926, the said Sheldon entered into a written contract with plaintiff, Mrs. Ruby Murrin, then the wife of Arthur L. Rosamond, under which plaintiff agreed to purchase a certain plot of land in the South Kenner subdivision in the parish of Jefferson for the sum of $750, of which she paid $150 in cash and for the balance of which she agreed to make monthly installment payments. This contract was evidenced by a written instrument known as a "bond for deed," in which the said Sheldon styled himself as "seller". On the same day and by a similar instrument, Sheldon agreed to sell to Arthur L. Rosamond another plot of land in the same subdivision on the same terms.

In each case the full purchase price was ultimately paid.

Plaintiff alleges that neither she nor her former husband has been able to obtain title to the respective plots of land and that her former husband has transferred to her all of his rights in and to the said contract which he had and all rights arising therefrom, and that no title can be transferred because the said land is heavily encumbered by mortgage, and that the said Sheldon, in the transactions referred to, acted as real estate broker, and that, therefore, both he and his said surety are liable to her for the losses sustained as a result of both contracts.

No question is raised as to the liability of Sheldon, but the surety company, against which judgment was rendered for the full amount claimed, contends and contended that the said Sheldon was acting in his individual capacity and not as broker, and that therefore there is no liability in it under the bond written by it in accordance with the statute, to wit, Act No. 236 of 1920.

The surety company also maintains that there is no proof that the said plots of land referred to in the respective bonds for deed are contained in the larger tract on which the mortgage bears, and it further asserts that the mortgage, even if it originally bore upon the said property, is prescribed. It also contends that the consideration, for which Arthur L. Rosamond transferred his rights arising from the said contract to his former wife, was not real and that, in fact, no consideration

passed from the present plaintiff to the said Rosamond when the said assignment and transfer were made; and, finally, defendant surety company interposes a plea of prescription of one year, contending that the claim of plaintiff arises ex delicto, and that, therefore, it is now barred, since more than one year elapsed between the time at which the tort was committed and the filing of this suit.

■ The plea of prescription of one year must be overruled in view of the jurisprudence, which firmly establishes the rule that:

"* * * a suit against a surety on an indemnity bond, even though the bond was given for the payment of damages arising ex delicto, is itself an action ex contractu, and is subject to the prescription of ten years under article 3544 of the Civil Code —not the prescription of one year, under article 3536. Poydras v. Patin, 5 La. 324; Ballew v. Andrus' Executor, 10 La. 216; Brown v. Gunning's Curatrix, 19 La. 462; Brigham v. Bussey, 26 La.Ann. 676; Fox v. Thibault, 33 La.Ann. 32; Weintz v. Kramer, 44 La.Ann. 35, 10 So. 416; Levert v. Sharpe, 52 La.Ann. 599, 27 So. 64; Gordon v. Stanley, 108 La. 182, 32 So. 531."

■ Nor are we required to delve deeply into the details of defendant's contention that the mortgage for $15,000, which was executed by Sheldon and another, is not clearly shown to bear upon the particular plots involved in the two bonds for deed in question, because we find in the record uncontradicted evidence that Sheldon admitted that the said plots could not be transferred because of the fact that they were heavily encumbered by a mortgage which could not be erased.

It may be that plaintiff's documentary evidence fails to show definitely that the large tract of land on which the mortgage bears contained the two small plots, but the record shows that Mr. Sheldon admitted that "the reason why he couldn't give Mrs. Rosamond a title to the lots in question was because of the fact that there was a heavy mortgage on the property, that he had been paying interest on, and it was so hopelessly involved that he didn't think he would ever be able to give a title."

In view of this evidence we conclude that, if defendant had doubt as to the identity of the two lots in question, or as to their location within the encumbered

tract, the burden was on it to introduce further proof contradictory of that quoted. Sheldon did not deny that he had made the said statement and no contradictory evidence of any kind is found in the record.

■ The defense principally relied on is that the bonds for deed were executed by Sheldon not as real estate broker, but as "seller," and it is argued that it is only where a real estate broker is acting as agent for others that his surety is liable for losses sustained as a result of his improper acts.

But plaintiff, while conceding that the contracts were signed by Sheldon as seller, maintains that in truth he was acting as broker because the plots of land did not belong to him, but in fact belonged to a partnership composed of himself and Alfred Garrett, and that therefore, since he was contracting for the sale of property of which he was not individually the sole owner, he was in fact acting for another, to wit, the partnership referred to.

There can be no doubt of the soundness of this contention, Sheldon was dealing with property which did not belong to him, and therefore he was obviously acting for another; the "other" being the partnership composed of himself and Garrett, which partnership is a separate legal entity from the members who compose it.

It is said that there is no proof that the plots in question were owned by the partnership and that the evidence, which shows that the land which belonged to the said partnership was mortgaged, is not sufficient to show that that was the same land with which we are concerned. But that evidence shows the mortgage which Sheldon admitted prevented the consummation of the sales involved here and, in the absence of countervailing proof, we think that it is sufficiently established that the land on which the mortgage rested and which was owned by the partnership is the same tract which contained the two smaller plots in question.

■ The real fault which we find in Sheldon was his failure to advise the two prospective purchasers of the fact that the land was heavily encumbered. He received their deposits and he received their subsequent payments with full knowledge of the existence of the mortgage and apparently with knowledge of the fact that there was no prospect of

removing this encumbance. The situation is very similar to that which we found in Victor v. Lewis, 157 So. 293, 296, in which we held a surety company liable on such a bond as this, where the real estate broker, with knowledge of the fact that his principal could not transfer clear title, continued to receive payments under a bond for deed similar to that involved here. There we said:

"In participating in a transaction of this character, the agent of the owner who had collected all the money paid by the purchaser and knew of his interest in the property is, in our opinion, guilty of a wrongful act, for which his surety is responsible within the meaning of the statute."

■ It is contended by defendant that there was no consideration for the assignment by Rosamond to his former wife and that the consideration which is stated in the "dation en paiment" was, in fact, fictitious. We do not see that that concerns the defendant, unless it can show that there was a defense that could have been urged against Rosamond, and it is not argued that any such defense existed. Rosamond unquestionably executed this assignment to his wife and, if the consideration stated therein did not in fact exist, he is interested; but we do not see that the surety or Sheldon may raise that question.

■ Defendant also contends that the evidence showing that Sheldon was acting for others and not for himself should have been excluded in view of the fact that the bonds for deed themselves style Sheldon as the "seller." But we think that the defendant overlooks the fact that the petition itself charges clearly that Sheldon was acting as a broker and not as the owner of the land in question. For instance, among other allegations, we find article VIII of the petition, which states:

"That petitioner dealt with said defendant J. W. Sheldon as a duly licensed and qualified real estate broker."

We do not find any contention that the amount claimed is incorrect. The judgment below was in plaintiff's favor for $1,545, with legal interest from judicial demand, and we find no error in it.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed.

Affirmed.