## GALVERINA v. BEN L. LEWIS CORPORATION et al.*
### No. 16156.

Court of Appeal of Louisiana. Orleans.
Jan. 13, 1936.

P. M. Milner, of New Orleans, for appellant American Bonding Co.

Joseph Rosenberg and Cyril F. Dumaine, both of New Orleans, for appellee.

WESTERFIELD, Judge.

On the 20th day of April, 1927, Joseph Galverina agreed to purchase, and Ben L. Lewis to sell, lot No. 7 in square No. 2332 in the Third district of the city of New Orleans, for the sum of $1,265, to be paid in monthly installments of $13. The agreement is evidenced by a writing styled "bond for deed," which is the customary designation of agreements to buy and sell real estate upon small monthly payments, though why it should be so characterized is not easily understood, since it contains no element of a bond or a deed and is merely an agreement to purchase upon terms particularly onerous to the purchaser.

Galverina made a number of payments to Ben L. Lewis and Ben L. Lewis Corporation, his successor. We are not concerned with the payments made to Lewis individually, and it is admitted that the amount paid the corporation was $406.66. At the time the lot was sold to the plaintiff by Ben L. Lewis, there was a mortgage resting upon it and a number of other adjoining lots in favor of the Pyramid Homestead Association amounting to $63,000, which mortgage was subsequently foreclosed, and the plaintiff made several payments to the defendant corporation after the foreclosure. Plaintiff knew nothing of the existence of the mortgage until some time after its foreclosure, when, of course, neither Lewis nor the Lewis Corporation was in a position to carry out the agreement of sale. He then brought this suit against the Lewis Corporation and its statutory surety, the American Bonding Company, for the amount which the corporation had collected from him, alleging that he had been defrauded of his money by the corporation and that under Act No. 236 of 1920 the corporation surety was solidarily liable for the return of the money.

The defendant Ben L. Lewis Corporation made no defense, and its surety denied liability upon the ground that the Ben L. Lewis Corporation was guilty of no fraud or misconduct, whatever might be said of Ben L. Lewis individually, and that therefore, as surety for the corporation, it cannot be held responsible upon its bond, and finally in this court pleaded the prescription of one year upon the ground that plaintiff's claim, if any, was one ex delicto, and therefore, under article 3536 of the Civil Code, prescribed in one year.

Considering, first, the plea of prescription, we find it untenable for reasons stated by us in our opinion in the matter of Ruby Murrin, Wife of A. L. Rosamond, v. J. W. Sheldon and Fidelity & Deposit Company of Maryland, 165 So. 26, this day decided, in which we refer to the well-established jurisprudence to the effect that an action on a bond given for the payment of damages arising ex delicto is an action ex

---

*Rehearing denied Feb. 10, 1936.

contractu. The plea of prescription must, therefore, be overruled.

■ Ben L. Lewis is the same individual and the Ben L. Lewis Corporation is the same corporation dealt with by us in the matter of Victor v. Lewis et al., 157 So. 293. The facts in the Victor Case are very similar to those which are presented in the present suit, though in the Victor Case we were only concerned with the liability of Ben L. Lewis and his individual surety, whereas here the responsibility of the corporation and its surety are involved. We held Lewis responsible in the Victor Case for money received by him individually as well as for money received by the corporation which he organized and conducted during the progress of the payments made by the plaintiff in that case, and counsel argues that to be consistent we should absolve the corporation here. But the responsibility of the corporation, vel non, does not depend upon the liability of the individual. For example, there is nothing inconsistent in saying that Lewis is responsible for all money which he received individually, as well as the amounts paid to the corporation which he created, and, at the same time, holding the corporation liable in solido for the amounts which it received.

The only way a corporation can act is through its officers and agents. The Ben L. Lewis Corporation knew what its principal stockholder and organizer, Ben L. Lewis, knew, that the lot which plaintiff bought and for the purchase of which it collected a number of partial payments, could not be delivered under the contract with plaintiff. It issued statements in its name showing payments, including the payments made to Lewis individually and the balance due including the interest on the deferred payments. It knew that the property was incumbered by a large mortgage. As a matter of fact, it had taken title to the property subject to the mortgage. The sums which it collected amounting to $406.66 were received by it on account of the purchase price of a lot of ground which it knew could not be delivered when fully paid for. The fact that the property was in its own name is immaterial. Zeller v. Chetta (La.App.) 148 So. 99.

The court a qua held the defendants liable for the amounts which had been paid to the Ben L. Lewis Corporation by plaintiff, or $406.66, and we believe that its judgment is correct; consequently, and for the reasons assigned, the judgment appealed from is affirmed.

Affirmed.