### BURAS et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND.

#### No. 17435.

Court of Appeal of Louisiana. Orleans.

Nov. 4, 1940.

Rehearing Denied Dec. 2, 1940.

Writ of Certiorari Granted Jan. 6, 1941.

P. M. Milner, of New Orleans, for appellant.

J. A. Woodville and J. L. Warren Woodville, both of New Orleans, for appellees.

McCALEB, Judge.

The plaintiffs, Mr. and Mrs. Ben V. Buras, residents of Plaquemines Parish, brought this suit against the defendant, Fidelity & Deposit Company of Maryland, to recover the sum of $1,250 which they allegedly paid to Priest, Montagnet & Roshko, Inc., a corporation engaged in the business of selling real estate in Louisiana, in conformity with an agreement to purchase from the real estate company two certain lots of land situated in Jefferson Parish. Liability against the defendant bonding company is sought to be enforced under a certain statutory bond executed by it in accordance with the provisions of Section 16 of Act 236 of 1920 whereby it agreed to indemnify the public for any wrongful conduct on the part of Priest, Montagnet & Roshko, Inc., in the operation of its business as a real estate broker.

The main defense of the bonding company is that there is no responsibility on its part, with reference to the wrongful acts complained of in plaintiff's petition which are attributed to Priest, Montagnet & Roshko, Inc., for the reason that the realty firm was not acting in its capacity as real estate broker, as defined by the provisions of Act 236 of 1920, during the course of its transactions with the plaintiffs.

After a trial in the district court, there was judgment in favor of the plaintiffs for the amount sued for and the defendant has prosecuted this appeal from the adverse decision.

The facts of the case, as alleged in the petition and as sustained by the evidence, are not seriously in dispute and we find them to be as follows:

In the years 1927, 1928 and 1929, Priest, Montagnet & Roshko, Inc., a corporation duly organized under the laws of this State, was licensed and bonded as a real estate agent and broker and, in conformity with the provisions of Act 236 of 1920, it executed a bond in the sum of $10,000 with the defendant, Fidelity & Deposit Company of Maryland, as surety thereon, enuring to the benefit of the public and conditioned upon its faithful performance of its duties in the conduct of its business as real estate agent and broker.

In addition to its real estate brokerage business, it appears that the corporation, Priest, Montagnet & Roshko, Inc., was also engaged in the development of suburban sub-divisions. On July 19, 1926, it purchased a certain tract of land in Jefferson Parish known as the Soniat or Tchoupitoulas Plantation from M. C. Soniat du Fosset for the sum of $75,030, $18,000 of which was paid by it in cash and for the balance of $57,030, it executed five promissory notes, each for the sum of $11,406, payable one, two, three, four and five years after date, the seller retaining a vendor's lien and privilege on the property sold. After its acquisition of the aforementioned tract of land, it sub-divided the property into lots and called it Roseland Park.

Later, on November 29, 1927, the realty company entered into a written contract with the plaintiffs whereby it agreed to sell to the latter two certain lots situated in the Roseland Park sub-division for a consideration of $1,250 and gave them a so-called "bond for deed" for the property. This contract provided for the payment of the purchase price in instalments and, in accordance therewith, the plaintiffs delivered, over a period of years, to Priest, Montagnet & Roshko, Inc., all payments falling due. Finally, on February 21, 1929, the plaintiffs, having completed all of the required payments, wrote to the realty company and requested it to deliver to them a title to the property which they had agreed to purchase. The realty corporation not only failed to comply with the plaintiffs' request, but it never accounted to plaintiffs for the payments made. It further appears that the corporation abandoned its business sometime after plaintiffs made demand upon it; that, later, in the year 1932, Mr. Soniat du Fosset, the holder of the mortgage on Roseland Park, was compelled to foreclose on his mortgage and that the property, including the lots which Priest, Montagnet &

Roshko, Inc., had agreed to sell to the plaintiffs, was adjudicated to the mortgagee in the executory proceedings.

With affairs in this state, plaintiffs brought this action alleging, in substance, that they have been defrauded by Priest, Montagnet & Roshko, Inc., and they pray that the surety on its real estate broker's bond be made to respond to them for the sum of $1,250 which is the amount they allege to have been damaged as a result of the realtor's wrongful acts.

We think that the judgment appealed from, which condemns the bonding company, is erroneous because there is neither allegation nor proof to show that Priest, Montagnet & Roshko, Inc., was acting in its capacity as a real estate broker in its dealings with the plaintiffs.

A reading of the record reveals that the facts of this case are on a parity with the allegations made by the plaintiff in the recent case of Purpera v. Fidelity & Deposit Company of Maryland, La.App., 189 So. 639, where we found that plaintiff's petition did not state a cause of action. In our opinion in that matter, we were careful to point out that the statutory bond provided for by Section 16 of Act 236 of 1920 does not cover transactions wherein the real estate agent is acting individually and on his own behalf and not as the agent or broker for another. In holding thus, we quoted from Section 2 of the applicable statute, which defines a real estate broker to be: "* * * any person, * * * who for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiate the purchase or sale or exchange of real estate, or who leases or offers to lease or rents or offers for rent, *any real estate or the improvements thereon for others,* as a whole or partial vocation. * * * The provisions of this Act shall not aply to any person, * * * who, as owner or lessor, shall * * * perform any of the acts aforesaid with reference to property owned by them * * *." (Italics ours.)

The bond executed by the surety covers only those transactions of the real estate broker wherein he acts for others. Here, it clearly appears that Priest, Montagnet & Roshko, Inc., purchased a tract of land for valuable consideration from the Soniat heirs for the purpose of developing a subdivision for its own account. The corporation was at all times, from the date of the purchase to the date the mortgagee re-ac-

398

quired the property through foreclosure proceedings, the real and legal owner of the land. An examination of the written contract, wherein plaintiffs agreed to purchase the two lots, shows that Priest, Montagnet & Rosko, Inc., acted not as an agent but as owner of the property. Under such circumstances, there can be no liability upon the defendant bonding company as surety on the bond of Priest, Montagnet & Roshko, Inc., forasmuch as the wrongful acts of the latter, in taking payments made by plaintiff and converting them to its own use, were not done while acting in a fiduciary capacity but as the seller of the property.

Of course, it is to be recognized that the fact that a real estate agent takes the title to property in his own name, when he is, in truth, acting for another, will not release the surety on his bond from liability where such agent, through misconduct, has defrauded a third person who has dealt with him with respect to that property. This is the distinction to be drawn between the facts in this case and those found by us in the Purpera case and the situations appearing in Murrin v. Sheldon, La.App., 165 So. 26; Galverina v. Ben. L. Lewis Corp., La.App., 165 So. 29; Victor v. Lewis, La.App., 157 So. 293; and Zeller v. Chetta et al., La.App., 148 So. 98, 99. It is upon these latter decisions that counsel for plaintiffs strongly rely in suport of their argument that the bonding company is responsible.

In the Purpera case, we pointed out the obvious difference between the allegations there considered and the facts appearing in Victor v. Lewis and Murrin v. Sheldon. The other two cases depended upon by counsel for plaintiffs fall within the rule set forth in Victor v. Lewis—that is, that the bonding company will not be absolved merely because the real estate agent takes title to the property in his own name, if it appears that he was, in truth, acting for another at the time he committed the wrongful act. But, as we have said before, the facts of this case show that the corporation, Priest, Montagnet & Roshko, Inc., was at all times acting for itself in the transaction which forms the basis of this suit. The fact that this realty corporation was duly licensed as a real estate agent and broker and did act as such in other transactions·is insufficient of itself to create a cause of action in the plaintiff on the bond executed by the defendant surety for the matters here complained of.

For the reasons assigned, the judgment appealed from is annulled, avoided and reversed and it is now ordered, adjudged and decreed that plaintiffs' suit be and it is dismissed at their cost.

Reversed.

WESTERFIELD, J., dissents.