### BALLEW *vs.* ANDRUS'S EXECUTOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ST. LANDRY.

Courts of Probate have exclusive jurisdiction of all claims for money
against successions administered by an executor.

Where the principal and his sureties are jointly and severally bound, either
of them may be sued alone on the bond.

If the party bound himself, his heirs and executors, the latter may be sued
on the bond *alone.*

Obligations arising from a sheriff's bond, as relates to the sureties, are
obligations *ex contractu* and not *ex delicto,* even when the bond is given
to cover damages, resulting from *torts* or omissions of duty of the
principal therein.

Conventional obligations may be superadded to those resulting from *torts*
or *quasi* offences, and the party complaining may resort to his remedy
on either.

This is an action instituted on a security bond, executed
in 1821, by Benjamin S. Haw, the then sheriff of the parish
of St. Landry, against the executor of the succession of the
late Joseph Andrus, one of the sureties in said bond, to
recover the sum of one thousand dollars, alleged to be owing

to the plaintiff, on account of the illegal conduct of the said sheriff, whilst in office.

WESTERN DIST.
September, 1836.

BALLEW
vs.
ANDRUS'S
EXECUTOR.

The plaintiff alleges, that in the year 1821, in the parish of St. Landry, Joseph Andrus, in his life time, together with Benjamin S. Haw and others, entered into a joint and several obligation, by which they bound themselves, jointly and severally, to the governor of Louisiana, &c. in the sum of six thousand dollars, on the following conditions, after reciting that the said Haw had been appointed sheriff of the parish of St. Landry: "Now if the said Haw shall, after entering into said obligation, well and faithfully execute and make true returns, according to law, of all such writs, orders, and process, as shall come into his hands as sheriff aforesaid, and well and truly pay over all sums of money that shall come into his hands, as sheriff, to the persons entitled by law to the same, and shall faithfully do and perform all such other duties as may be required of him by law, then the said obligation to be void; otherwise to remain in full force and virtue."

The plaintiff further alleges, that in 1822, Richard Baber, for whose use he now sues, caused to issue a writ of sequestration against one Samuel Fisher, which was executed by said Benjamin S. Haw, as sheriff, seizing and taking into his possession a negro boy, and so returned on the writ. That afterwards, in the year 1824, Baber obtained judgment against said Fisher, and the sheriff was required to deliver up said negro boy, in pursuance of said judgment, which he has wholly neglected and refused to do; by reason whereof the sureties in the said bond became liable, and especially the estate of Joseph Andrus, deceased, who was one of said sureties, is liable to pay the sum of one thousand dollars, and for which the plaintiff prays judgment.

The defendant, as testamentary executor of Joseph Andrus, deceased, pleaded to the jurisdiction of the Probate Court, averring that it belonged to the District Court. That the suit was improperly brought against him, and should have been instituted against Benjamin S. Haw, the sheriff, whose

WESTERN DIST. acts were complained of; or against the heirs of Joseph
September, 1836. Andrus, who are of age, &c.    That this is an action founded
in a *tort* or *quasi* offence, and is personal in its nature, and
should have been brought against the sheriff.    He prays that
the suit be dismissed.

BALLEW
*vs.*
ANDRUS'S
EXECUTOR.

After hearing the parties on these pleadings, the Probate
Judge dismissed the suit, at the plaintiff's costs.    He
appealed.

*Parrott*, for the plaintiff, insisted that he had two remedies;
one against the sheriff, as for a *tort* or *quasi* offence, arising
*ex delicto;* and also an action on the bond against the surety,
arising *ex contractu.*

2. The Probate Court is the proper jurisdiction before
which to bring suit for money demands against an estate of
a deceased person.

*Lewis*, for defendant.

1. The Court of Probates is limited in its jurisdiction.    It
is a court of special jurisdiction for the settlement of
successions, and cannot be extended to actions founded on
*torts* and sounding in damages.    *Code of Practice*, 924-5.
5 *Louisiana Reports*, 324.

2. This case does not come within the provisions of law
relating to the jurisdiction of the Court of Probates, but
belongs exclusively to the District Court.    8 *Louisiana
Reports*, 212.

3. This is in the nature of a personal action arising *ex
delicto*, and should have been brought against the heirs and
not the executor.    *Code of Practice*, 3, 26 *to* 40, 120.    6
*Louisiana Reports*, 97.

4. The cause of action in this case grows out of the
misconduct or *quasi* offence of the sheriff, a neglect of duty,
and not out of a contract entered into with the plaintiff.
*Louisiana Code*, 2294-5.    6 *Martin, N. S.*, 668, 691, 708.
11 *Toullier*, 156-7, 161, &c.

5. This action is prescribed by the lapse of one year.
*Louisiana Code*, 3501.

*Martin, J.*, delivered the opinion of the court.

The plaintiff is appellant from a judgment sustaining the defendant's plea to the jurisdiction of the court.

The suit was brought on a sheriff's bond, on which the defendant's testator was a surety. An exemption from the jurisdiction of the Court of Probates is claimed on the following suggestions:

*First,* That the District Court has exclusive jurisdiction.

*Second,* That the suit ought to have been brought against the sheriff, whose acts alone are complained of.

*Third,* That it should have been brought against the heirs, and not the executor of the deceased surety.

*Fourth,* That it is an action grounded on a *tort* or *quasi* offence, and is personal in its nature.

I. According to the provisions of the 924*th article of the Code of Practice,* 13*th clause,* Courts of Probate have exclusive jurisdiction of all claims for money against successions administered by an executor.

II. The sheriff and his sureties were jointly and severally bound, therefore an action lies against either of them.

III. The party bound himself, his heirs, *executors,* &c. His executor is, therefore, suable on the bond.

IV. It has been decided by this court that obligations arising from a bond, even when it was given to cover damages resulting from *torts* or omissions, are obligations *ex contractu* and not *ex delicto. Poydras et al.* vs. *Patin.* Louisiana Reports, 324.

Conventional obligations may be superadded to those which result from *torts* or *quasi* offences, and the party in whose favor they accrue may choose between them and resort to either remedy.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, the plea to the jurisdiction overruled, and the case remanded for further proceedings, according to law, the defendant and appellee paying costs of the appeal.

*Margin notes:*

WESTERN DIST.
*September,* 1836.

BALLEW
*vs.*
ANDRUS'S
EXECUTOR.

Courts of Probate have exclusive jurisdiction of all claims for money against successions administered by an executor.

Where the principal and his sureties are jointly and severally bound, either of them may be sued alone on the bond.

If the party bound himself, his heirs and executors, the latter may be sued on the bond, alone.

Obligations arising from a sheriff's bond, as relates to the sureties, are obligations *ex contractu* and not *ex delicto,* even when the bond is given to cover damages, resulting from *torts* or omissions of duty of the principal therein.

Conventional obligations may be superadded to those resulting from *torts* or *quasi* offences, and the party complaining may resort to his remedy on either.