Brigham, Curator, v. Bussey et al.

## No. 469.

### J. H. BRIGHAM, Curator, *v.* A. L. BUSSEY et al.

It is a rule of our jurisprudence that if a shorter prescription is not specially applied to personal actions, they are not prescribed by two years. There is no law fixing specially the prescription of actions against recorders.

This is an action against the recorder of the parish of Morehouse and the securities on his official bond for the damages resulting from a failure of official duty by the deputy recorder in not reinscribing a certain judgment within the proper time, as he, the deputy, was specially instructed to do, by which omission the debt due plaintiff was lost. This action is one *ex contractu*.

The recorder had a special duty to perform, embraced within the obligation of his bond given according to law with two good securities, and his failure or that of his deputy, duly appointed to perform that duty, is a breach of his bond on which he and his deputies may be sued.

The argument that it is not an action on the bond, because it is not established that the consent of the sureties was given to the appointment of the deputy, which was necessary to make them liable, and that its omission shows the action to be one against the recorder alone for his negligence, is not sound. It might perhaps result in releasing the securities on the trial, but can not change the character of the action.

Damages *ex delicto* flow from the violation of a general duty; damages *ex contractu* are the consequence of the breach of a special obligation, such as the special obligation imposed by law on the recorder, in this case, to reinscribe a certain judgment.

The recorder and his securities had entered into a specific contract with the State, for the benefit of those interested, that he and his deputy would faithfully perform each duty of his office, and his failure in such respect is a breach of that contract. The action to which it gives rise is not prescribed by one year.

In this case, the deputy recorder *promised* to perform a special duty as requested on behalf of plaintiff, and the latter had the right to suppose the promise and duty would be observed by the officer. The failure of the plaintiff to go afterwards (as it would have been prudent for him to do) to see that the officer had done his duty, is not such a negligence, under the circumstances, as to affect his right of action against the defendants. The other allegations of negligence against the plaintiff have no force.

The objection that plaintiff or his attorney should have furnished the recorder with a certified copy of the judgment for reinscription and tendered the fee, if of any force under the circumstances, is removed by the promise of the deputy to make the inscription without requiring such copy or fee.

The argument, on behalf of the sureties, that they can not be condemned to pay, because the recorder did not obtain their written consent to the appointment of the deputy, as provided by law, can not avail one of the securities who is himself the deputy. As to the other, the matter should have been specially pleaded. It is raised for the first time, in this court, under the general issue.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J. Jury trial. *Todd & Brigham*, for plaintiff and appellee. *Morrison & Farmer, Newton & Hall, James Bussey*, for defendants and appellants.

HOWELL, J. This is an action against A. L. Bussey, as recorder of the parish of Morehouse, and the sureties on his official bond, for the damages resulting from a failure of official duty by the deputy recorder in not reinscribing a certain judgment within the proper time, as he, the deputy, was specially instructed to do, by which the debt due plaintiff was lost.

To this action, under a general denial, the prescription of one year is opposed.

It is a rule of our jurisprudence and law that if a shorter prescrip-, tion is not specially applied to personal actions, they are prescribed by, two years. We are referred to no law, and we know of none, fixing specially the prescription of actions against recorders; but it is con-, tended that this is an action for a quasi offense, and therefore prescribed: by one year.

In our opinion the action is one *ex contractu*. The recorder was re-quired by law to enter into a bond with two good sureties for the faith-, ful performance of his official duties, and the law made it his duty to, reinscribe the judgment when duly called on to do so. It was then a, special duty embraced within the obligation of his bond, and his fail-: ure or that of his deputy, duly appointed, to perform that duty is a, breach of his bond, on which he and his sureties may be sued therefor. It is only through or by the bond that the sureties have any connec-: tion whatever with the acts or omissions of the recorder and his deputy. The argument that it is not an action on the bond, because it is not, shown that the consent of the sureties to the appointment of the deputy which are necessary to make them liable, and its omission shows the, action to be one against the recorder alone for his negligence, is not, sound. It may perhaps result in releasing the sureties on the trial,, but can not change the character of the action.

We concur in the opinion that Mr. Marcadé has, in his commentary, on the Napoleon Code, "developed the distinction between damages *ex delicto* and damages *ex contractu* with his usual brevity and felicity. The former flow from a violation of a general duty, the latter from; the breach of a special obligation." It was the general duty of the recorder to do right—not to discharge the duties of his office in a vio-, lent or oppressive manner—to observe the "precepts of the law;" but; it was his special obligation imposed by the law to reinscribe the judg-, ment in question when required by a party in interest to do so. He, and his sureties entered into a specific contract with the State for the: benefit of those interested, that he and his deputy would faithfully per-, form each duty of his office; and his failure in such respect is a breach, of that contract. If this is not a case in which the bond may be en-, forced, it is difficult to imagine one in which official bonds may be, made available. We therefore conclude that this action is not pre-, scribed by one year.

The next important question—the first on the merits—is, was the, recorder or his deputy (for instructions to either is sufficient), instructed or directed in due time to reinscribe the judgment?

The contest is between a curator of a succession as plaintiff and the. recorder, his deputy and sureties as defendants. The deputy, Naff,, who was actually discharging the duties of the office, swears positively

that neither the plaintiff, his attorney nor any one else ever requested or directed him to make the reinscription. This is a denial by a party to the suit, made evidence by the law. On the other hand, Todd, one of the attorneys, of the plaintiff, swears as positively that he did give the instructions and describes the circumstances of his doing so; stating that he opened the book of judicial mortgages, turned to the page where the judgment was inscribed, and directing the attention of the deputy specially to it, requested him not to fail to reinscribe it, which the latter promised to do. Here is a direct mention of the details, the particular acts, which a witness, not a party to the suit, says he recollects distinctly. He also states that he informed the plaintiff of his action in the matter, and the latter states further, in this connection, that on that occasion his attorney first inquired of him if he had caused the reinscription to be made, and upon his, plaintiff's, starting immediately to have it done, his counsel told him he need not go, as he, the counsel, had just ordered it to be done. This shows at least that the matter was thought and spoken of by those parties at the time, and served to fix it in their memories. As a part of the *res gestæ* this evidence was admissible. The jury and judge had these witnesses before them and gave credence to the testimony for the plaintiff, and we think it has the preponderance, and that Naff, the deputy, was guilty of the neglect of official duty as charged.

A third question is presented. If Naff was guilty of neglect, did not the negligence of plaintiff contribute to the loss and thus deprive him of the right to recover?

Ordinarily the contributory negligence must relate to or be connected with the act or event which causes the damage, and it is not pretended that any act of plaintiff contributed to the occurrence of the failure on the part of the deputy to reinscribe the judgment; but it is urged that it was the duty of the plaintiff to see that the inscription had been made as directed, and the cases in 2 An. 547, 6 An. 172 and 7 An. 65 are cited in support of this position. Those cases refer to the duties of creditors with such real rights, as they affect or relate to third persons, and not to the duties and rights as between the creditor and the delinquent officer. In this case the deputy recorder promised to perform a special duty, as requested, on behalf of plaintiff, and the latter had a right to suppose the promise and duty would be observed by the officer.

The failure of the plaintiff to go afterwards (as it would have been prudent in him to do) to see that the officer had done his duty, is not such negligence, under the circumstances as to affect his right of action against the defendants.

It is also urged, in this connection, that the plaintiff was negligent

in not speedily settling the estate he was administering and enforcing the special mortgage at a time when it might have paid the debt; in not recording the revised judgment and in not resorting in time to and prosecuting promptly hypothecary actions against the various properties affected by the judicial mortgage.

Conceding that these points are properly raised in the record where only the general issue is presented, no such negligence exists on the part of plaintiff, as to relieve these defendants from their liability. Within the legal delay the deputy recorder was instructed and·he promised to reinscribe the judgment, as authorized by law, the judgment was revived as required by law, and it is shown that, at the time, there was property subject to the judicial 'mortgage, which plaintiff could have purchased, but for the peremption of the mortgage, which mortgage he had a right, within ten years, to have reinscribed.

The objection that plaintiff or his attorney should have furnished the recorder with a certified copy of the judgment for reinscription and tendered the fee, if of any force under other circumstances, is removed by the promise of the deputy to make the inscription without requiring such copy or fee.

It is contended, in behalf of the sureties, that they can not be condemned to pay because the recorder did not obtain their written consent to the appointment of the deputy as provided by section 3075 Revised Statutes.

This can not avail one of the sureties who is himself the deputy. He certainly consented to his own appointment. As to the other, we think the matter should have been specially pleaded. *Non constat,* if the point had been made in the defense, the plaintiff could have shown that the provisions of said section were complied with. It is raised for the first time here under the general issue.

Under all the circumstances presented in this record, we are not prepared to differ from the judge and jury below in their conclusion. We see no good cause to amend the judgment.

Judgment affirmed.

---

LUDELING, C. J., *dissenting.* This is a suit to render a recorder and his securities liable for the amount of a judgment which it is said he was instructed to record and he failed to do so. The evidence to establish this responsibility should be strong, clear and conclusive.

The only evidence in this case in favor of plaintiff is the testimony of R. B. Todd, Esq., the attorney who obtained the postponement. His testimony is that he instructed the recorder, verbally, to re-register the judgment at the same time that he told him to re-register another

judgment in another case, which latter judgment was re-registered. This the deputy recorder positively contradicts in his testimony. The declarations of Mr. Todd to his law partner, made just after these instructions to the deputy recorder were given, and made out of the presence of the recorder, were offered and received in evidence. I am inclined to the opinion that they should have been excluded for the reasons urged against their reception in the bill of exceptions—that it was hearsay.

But if the evidence be regarded as legal, because a part of *res gestæ*, still I can not perceive how that strengthens the plaintiff's case—it is still only the unsworn declarations of Mr. Todd, whose testimony was already in the case. And we have the testimony of Mr. Todd opposed by the testimony of Mr. Naff—both unimpeached and both interested in the result. I have no reason to doubt the veracity of either witness, and the only hypothesis upon which both witnesses swore truthfully, is that Mr. Todd told Naff to re-record the judgment, but Naff did not hear, or did not understand him. I must infer this to have been the case, as the deputy recorder did register the one judgment and failed to re-register the other. He had no motive for not recording the judgment, whereas his interest in the fee for recording would have induced him to do it, if not his official duty. Besides, the presumption of the law, that every officer does his duty, is in his favor.

Upon the hypothesis aforesaid, who was to blame? I maintain that it is the party who gave the verbal instructions, unaccompanied by a copy of the judgment to be recorded, or any written memorandum. Besides, it appears that the loss sustained was by the peremption of the mortgage, through the delays of the plaintiff, occasioned either through negligence or a disposition to favor his debtors. He has, therefore, himself contributed to the loss, and the jurisprudence of this State is well settled, that one, whose negligence has contributed to an injury or loss, has no right to claim indemnity. 14 An. 524; 1 An. 374; 17 La. 391; 23 An. 464; 24 An. 464; and case against City Railroad Company recently decided at New Orleans.

In June, 1869, plaintiff instituted the hypothecary action on this judgment, and though no answer was filed or defense of any kind was made until May 23, 1871, no effort appears to have been made to make the judgment by default final, although the mortgage was not perempted until third July, 1870, and in the interim at least two terms of the court were held.

I therefore dissent from the opinion of the court.