(104 So. 914)

No. 26563.

## DISTEFANO et al. v. MICHIELS.

(April 27, 1925. Rehearing Denied June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. Carriers ⚖══11—Surety on public service car bond held not relieved from liability for death occurring on public highway within municipality.

Act No. 196 of 1918, § 1, relating to operation of public service cars, and defining a "public highway" to mean only roads outside of incorporated villages, towns, and cities, *held* not to relieve surety on indemnity bond required by section 5 from liability for death of one killed by service car, which occurred on public highway within incorporated village, town, or city.

2. Limitation of actions ⚖══22(7)—Prescription; action against surety on indemnity bond ex contractu and subject to 10 year and not 1 year prescription.

A suit against a surety on an indemnity bond given under Act No. 196 of 1918, for permission to operate public service cars, even though bond was given for payment of damages arising ex delicto, is an action ex contractu, and is subject to prescription of 10 years, under Civ. Code, art. 3544, and not to prescription of one year under article 3536.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; Levan L. Hooe, Judge.

Suit by Vincent Distefano and others against Victor Michiels. Judgment dismissing suit, and plaintiffs appeal. Reversed and remanded.

Isaac Wahlder and Julius B. Nachman, both of Alexandria, for appellants.

White, Holloman & White, of Alexandria, for appellee.

William B. Grant and Benj. W. Kernan, both of New Orleans, amici curiæ.

O'NIELL, C. J. This is a suit on a bond given under the provisions of the act 196 of 1918, for permission to operate a public serv-ice car. The bond is for $3,000. It was given by one J. C. Jeansonne, as principal, who obtained the permit from the police jury, to operate the car. The defendant, Victor Michiels, and one J. J. Salmon were the sureties on the bond. Plaintiffs have already obtained a judgment against Jeansonne and Salmon, in solido, Jeansonne being condemned to pay $5,000, and Salmon's liability being limited to $3,000. It is alleged that Salmon has gone into bankruptcy and is utterly insolvent. This suit is against Michiels alone. It is alleged that he was also sued in the first suit, and that the only reason why judgment was not rendered against him was that, although there was a prayer for service of citation upon him, he was not cited. A certified copy of the judgment rendered in the suit is annexed to and made part of the petition in this suit. The judgment contains a declaration that the right of the plaintiffs to proceed against and recover of Victor Michiels was reserved. This suit was filed and citation was served upon Michiels five years and two months after the accident happened, and two years and two months after the judgment was rendered in the first suit. Michiels pleaded in this suit that the plaintiffs had no cause or right of action against him, and that if they had a right of action against him it was barred by the prescription of one year. Both pleas were sustained; and the plaintiffs have appealed from the judgment dismissing the suit.

[1] The suit against Jeansonne was for damages for the death of the plaintiff's child. It is alleged that she was run over and killed by the service car operated by Jeansonne when he was drunk and was driving recklessly and at an excessive speed. It is alleged that the automobile ran upon the sidewalk where the child was walking, and killed her there, in the city of Alexandria. The reason why the plea or exception of no cause or right of action against Michiels was sus-

tained is that the accident did not occur on a public highway, outside of an incorporated city, town or village. It is contended that the act 196 of 1918 makes the surety on such a bond liable only for damages resulting from accidents happening on a public highway, outside of an incorporated city, town or village. The argument is founded upon the statute's definition of a "service car," and of the term "public highways," as referred to in the act. The first section of the act declares:

"That a service car within the meaning of this act, is defined to be a motor or power-driven vehicle or conveyance that is operated upon the public highways of the state, and which carries passengers or freight for hire or for a consideration. Public highways of the state, as herein referred to, shall mean roads over which service cars are operated within the state and outside of the incorporated villages, towns and cities of the state."

The definitions quoted do not indicate that the liability of a surety on an indemnity bond given under the provisions of the act shall not extend to accidents happening elsewhere than on a public highway, as defined in the act. The statute is a comprehensive measure, authorizing the police juries throughout the state to regulate the operation of service cars. The reason why the service cars are defined as those only which are operated on the public highways outside of incorporated cities, towns and villages is that the authority or jurisdiction of the police juries over the public highways does not extend into the incorporated cities, towns, or villages. The Legislature therefore merely recognized, in the act of 1918, that the service cars in the municipalities—taxicabs, jitneys, sight-seeing cars—would be regulated by municipal ordinances, and not by the police jury ordinances authorized by the statute. But there is nothing in the act to indicate that the indemnity bond required by the fifth section shall not indemnify a person in-

jured by a bonded car, if the accident causing the injury does not happen on a public highway, outside of an incorporated city, town or village. The fifth section of the act declares:

"That it shall be unlawful for any owner of a service car to have same operated as a service car without first having procured an indemnity bond with good and solvent surety residing in the parish where such service car owner resides, or a surety company licensed to do business in this state, with the obligation running in favor of any person who may be injured in person or property by the negligence of the operator of the service car. The amount of such surety bond required of the owner of service cars shall not be less than two thousand dollars ($2,000.00) and an additional sum of five hundred dollars ($500.00) for each passenger over four in number. The calculation of the amount of the bond to be based upon the carrying capacity of the service car as shown by the sworn application for license filed with the clerk of the police jury. Said bond shall be drawn in favor of the clerk of the court but shall inure to the benefit of any one in interest who shall have a right of action thereon in his own name. Said bond shall be recorded in the office of the recorder of mortgages."

Our opinion is that the plaintiffs have a cause of action under the allegations of their petition.

[2] The reason why the district judge ruled that the suit was barred by the prescription of one year was that he thought the action arose ex delicto. On the contrary, a suit against a surety on an indemnity bond, even though the bond was given for the payment of damages arising ex delicto, is itself an' action ex contractu, and is subject to the prescription of ten years, under article 3544 of the Civil Code—not the prescription of one year, under article 3536. Poydras v. Patin, 5 La. 324; Ballew v. Andrus' Executor, 10 La. 216; Brown v. Gunning's Curatrix, 19 La. 462; Brigham v. Bussey, 26 La. Ann. 676; Fox v. Thibault, 33 La. Ann. 32; Weintz v. Kramer, 44 La. Ann. 35, 10 So. 416; Levert v. Sharpe, 52 La. Ann. 599, 27 So. 64; Gordon v. Stanley, 108 La. 182, 32

So. 531. The suit in which the plaintiffs obtained judgment against J. C. Jeansonne was brought within the year after the accident happened, and the right of action against the sureties on his bond was thereby preserved.

The defendant in this case pleaded also that the action was barred by the prescription of two years, and by the prescription of three years. But those pleas seem to have been filed without serious intention, for they are not at all applicable to the case, and are not referred to in appellee's brief.

The judgment appealed from is reversed, the pleas of prescription and of no cause or right of action are overruled, and the case is ordered remanded to the district court for further proceedings consistent with the foregoing opinion. Appellee is to pay the costs of this appeal. All other costs are to await the final judgment.