**No. 9616**
**Orleans**

---

**STEPHENSON v. N. O. RY. & L. CO.**

---

(March 14, 1927. Opinion and Decree.)
(April 11, 1927. Rehearing Refused.)
(May 23, 1927. Writ to Supreme Court Granted.)
(January 20, 1928. Opinion and Decree of Supreme Court on Writ of Certiorari and Review; Reversed.)
(See 165 La. —, 115 So. 412.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Death by Wrongful Act—Par. 1.**
Legal heirs, as such, have no right of action to recover damages for the per-

sonal injuries or the wrongful death of the person of whom they are the legal heirs. Such a right of action is strictly statutory and is granted solely by Article 2315, Civil Code, as amended by Act 159 of 1918, to the certain designated survivors therein named.

**2. Louisiana Digest—Death by Wrongful Act—Par. 1; Prescription—Par. 78.**

The right of action granted to certain designated survivors by Article 2315, Civil Code, to recover damages for the personal injuries sustained by one killed by wrongful act, ceases to exist after the lapse of one year from the death of the said person.

This is true although the tortious act which caused the injury and death breached a contract and the injured person if living would have the option of an action ex contractu or ex delicto.

**3. Louisiana Digest—Death by Wrongful Act—Par. 1; Prescription—Par. 78.**

A suit by brothers and sisters on an indemnity bond, given under Ordinance 2346 Commission Council Series, of the City of New Orleans, against the principal, and surety therein, for damages sustained by themselves, resulting from the wrongful death of their sister, while riding as a passenger on a street car covered by said bond, is an action ex contractu, although the bond was given for the payment of damages ex delicto. Such an action is prescribed by the lapse of ten years under the provisions of Article 3544, Civil Code, and not by the lapse of one year under Article 3536, C. C.

**4. Louisiana Digest—Death by Wrongful Act—Par. 22, 25.**

A jury verdict for five thousand ($5000.00) dollars in favor of four plaintiffs collectively for the loss of love, affection, society and companionship of their sister killed by wrongful act, held to be excessive, and is reduced to twenty-five hundred ($2500.00) dollars.

Appeal from Civil District Court, Divisions "A" and "G". Hon. William H. Byrnes, Jr., Judge.

Action by L. O. Stephenson et als. against New Orleans Railway & Light Co. et als.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Baldwin, Viosca & Haspel, of New Orleans, attorneys for plaintiffs, appellees.

Dart & Dart, of New Orleans, attorneys for defendants, appellant.

BYRNES, Judge ad hoc. On May 29, 1918, Miss Olive May Stephenson, a passenger on Car No. 49, belonging to and operated by the New Orleans Railway and Light Company, fell from the rear platform of said car, and as a result of the fall she was rendered unconscious and died three hours later without regaining her senses.

Miss Stephenson was 38 years old, unmarried, and left neither father nor mother surviving her. Her sole and only heirs are two brothers and two sisters, the plaintiffs in this case.

The New Orleans Railway and Light Company, in compliance with City Ordinance No. 2346 Commission Council Series, had filed with the Commissioner of Public Safety of the City of New Orleans a bond in the sum of $5000.00, conditioned as required by Section 2 of the said ordinance. The National Surety Company signed said bond as surety. This bond was in full force and effect at the time of the accident.

On October 4, 1921, after the lapse of nearly three years, the two brothers and the two sisters above mentioned of the decedent, Miss Olive May Stephenson, filed this suit to recover damages in the sum of $15,000.00. The suit is alleged to be founded on an action ex contractu, and not ex delicto, the plaintiffs basing this con-

tention that it is a suit on a contract, for two reasons: I. Because the suit is filed on the bond against the Railway Company as principal and against the Surety Company as surety; and 2. Because the suit is based on a breach of the contract of safe carriage of a passenger. Paragraphs 3, 4, 5, 8 and 10 of plaintiffs' petition substantially state their case. These paragraphs read as follows:

### III.

"That on December 29, 1918, the said Olive May Stephenson was in New Orleans, Louisiana, and, about three o'clock P. M., she boarded, at the corner of Canal and Baronne streets, an uptown bound Dryades car, No. 49, belonging to and operated by the New Orleans Railway and Light Company."

### IV.

"That conductor on board said car accepted and received from said Olive May Stephenson the usual car fare of six (6c) cents, and the said Stephenson and the New Orleans Railway and Light Company thereby entered into a contract of carriage, under the terms of which the said Miss Stephenson, as a passenger, was guaranteed by the said New Orleans Railway and Light Company and its officials and employees the usual care, safety and respect and attention and safe carriage throughout the trip and to her destination and while she was alighting."

### V.

"That the said Miss Stephenson asked the conductor to stop the car at the corner of St. Charles and Perdido streets in order that she might alight; that the car was brought to a stop; that Miss Stephenson re-entered the car for the purpose of getting a bundle; that as she reached the rear platform the conductor had already started the car; that thereupon, in view of the refusal of defendant's employees to permit her to alight in accordance with her rights, and because of his refusal to stop the car, Miss Stephenson endeavored to signal the motorman herself, and while she had her hands on the bell cord, the conductor, in an effort to prevent her from signaling the motorman, seized and assaulted the said Miss Stephenson, jerking and pushing her so violently that she was thrown from the platform of the moving car."

### VIII.

"That Miss Stephenson at the time of her death was thirty-eight years of age; that she was a highly educated woman, and that by virtue of her death which was caused directly by acts of defendant, as aforesaid, petitioners have been deprived of the society, and association of their sister, of her love and affection, of the comforts and conveniences that she gave them, and of further support and assistance that she would have rendered them; that petitioners are all entitled to recover of defendants all of said loss which aggregates the sum of seventy-five hundred ($7500.00) dollars, and that petitioners are also entitled to recover of defendants the further sum of seventy-five hundred ($7500.00) dollars, the amount of loss and damages sustained by the said Miss Olive May Stephenson before her death, and by her estate to which petitioners are the legal heirs."

### X.

"Petitioners further represent that the National Surety Company of New York, pursuant to Ordinance 2346, Commission Council Series of the City of New Orleans, has signed and executed and deposited with the City of New Orleans a bond in the sum of five thousand ($5000.00) dollars, covering the said Dryades car No. 49, belonging to and being operated by the defendant, and by its receiver; that the said bond is annexed hereto and made part hereof, the same as if it were copied in verbatim herein. In accordance with the terms of said bond, petitioners have a direct action against the said National Surety Company to recover the amount of damages up to the sum of five thousand ($5000.00) dollars, suffered by them as the result of the death of their sister aforesaid."

It will be noticed that the plaintiffs claim $7500.00 for the damages which they personally have suffered or sustained through the wrongful death of their sister, as provided by the second paragraph of Article 2315 of the Civil Code. They also claim $7500.00 as the designated survivors

of the decedent, their sister, in accordance with the first paragraph of Article 2315, which states that the right of action for damages shall survive in case of death, in default of certain other specified relations, to the surviving brothers and sisters. This right of action is to recover such damages as the decedent herself could have recovered if she had survived the accident. The contention of the plaintiffs is that they should recover on both of these causes or rights of action.

To the petition of the plaintiffs the following exceptions were filed in the lower court by both the Railway Company and the National Surety Company: (1) That plaintiffs claim the right to recover upon a bond to which they were not parties, and should be required to file said bond. (2) That whatever claim plaintiffs may have had upon the cause of action set up in the petition has been barred by the prescription of one year. (3) That plaintiffs are without right to or cause for action upon the bond declared on in the petition. And the dismissal of plaintiffs' suit is prayed for.

Between the date of the accident and the date of the filing of this suit the New Orleans Railway and Light Company had been placed in the hands of a receiver. This fact was alleged in plaintiffs' petition and the receiver was made a party to the suit. In his capacity as receiver he filed the answer in behalf of the Railway and Light Company.

On May 1st, 1922, the exceptions were tried and argued. In overruling the exceptions the judge of the lower court stated his reasons for so doing as follows:

"The suit is on a breach of contract for safe carriage. The prescription of one year is pleaded.

"The plea is not well taken. The prescription of this action is ten years.

"The plea that the bond is not filed is not well pleaded. There should be a prayer for oyer."

No disposition appears to have been made of the exceptions of no cause or right of action filed by the defendants. The lower court, in overruling the plea of prescription, specifically calls attention to the fact that neither plaintiffs nor defendants filed briefs as promised.

Thereafter both defendants filed substantially the same answer, alleging that Miss Stephenson either fell from the car or jumped therefrom while same was being prudently operated, and they specifically pleaded contributory negligence. Paragraphs IV and VI of defendants' answer set forth the defense on the merits:

"Further answering, respondent avers he is informed, and believing, so charges, that on December 29th, 1918, a lady who was a passenger on Car No. 49 of the Dryades Line either fell from the car or jumped therefrom while same was being prudently operated on a trip up St. Charles between Perdido and Poydras streets; that in falling she sustained injuries which rendered her unconscious and from which she died, so respondent is informed, without ever regaining consciousness, on the same night.

"Further answering, respondent avers that if the said Miss or Mrs. O. M. Stephens was the sister of plaintiffs, they have no just claim for compensation, for the reason that the injuries to and death of the said Miss or Mrs. O. M. Stephens was due to her own negligent and imprudent act in failing to take the care required when riding on the platform of a car, or in stepping from the moving car."

The case was fixed for trial by jury, at the request of the plaintiffs. In the month of March, 1924, the case was tried in the then jury division of the Civil District Court. On the day of the trial the

defendants renewed their exceptions of prescription and, after argument, the plea of prescription was overruled by the presiding judge of that division.

The case was then tried and the jury brought in a unanimous verdict for the sum of $5000.00 in favor of the plaintiffs. From this judgment the defendants have appealed.

In this court the defendant, the New Orleans Railway and Light Company, through its receiver, J. D. O'Keefe, filed an exception to the plaintiffs' suit, as follows: "That plaintiffs' petition discloses no right to nor cause for action against the New Orleans Railway and Light Company or against him as receiver."

As plaintiffs allege that their suit is brought strictly ex contractu, for the two following reasons: first, because the suit is filed on the bond against the Railway Company as principal and against the Surety Company as surety; and second, because the suit is based on a breach of the contract of safe carriage of a passenger; it is necessary, in order to pass on the exceptions of no right or cause of action, filed in the lower court and again filed and urged in this court, and on the pleas of prescription, filed in the lower court and seriously urged and argued in this court, to discuss the following legal propositions:

1. Have plaintiffs, the brothers and sisters of the decedent, as her legal heirs, or as the specified beneficiaries under Article 2315 R. C. C., a cause of action for the personal injuries sustained by the decedent as a result of the violation of the contract of safe carriage which admittedly existed between the decedent and the Railway and Light Company at the time of the unfortunate accident?

2. Have plaintiffs, as the legal heirs of their deceased sister, or as the specified beneficiaries under Article 2315 R. C. C., a cause of action on the indemnity bond furnished by the Railway and Light Company in accordance with Ordinance No. 2346, Commission Council Series, for the personal injuries sustained by their deceased sister?

3. Have the plaintiffs, the brothers and sisters of the decedent, as the persons designated in the second and last paragraph of Article 2315 of the Civil Code, a cause of action to recover on the indemnity bond such damages as they themselves may have suffered from the wrongful death of their sister?

4. If any of the three foregoing propositions be answered affirmatively, is the said action barred by prescription?

1.

Taking up the first question, the damages sustained by the decedent as the result of the breach of the contract of safe carriage were strictly personal to herself, that is, to her body or person, as contradistinguished from her property rights. Personal actions of this character are those peculiarly and properly embraced in the Latin maxim, *"Actio personalis moritur cum persona".* Such personal actions arise from the violation of a personal right. Personal rights are usually described as those rights included in the right to security in the enjoyment of life, liberty, limbs, body, health and reputation. A person sustaining damage by the violation of a personal right may, during his or her lifetime, file suit to recover damages for the said violation. If the act of commission or omission which violates this personal right is, in and of itself, a quasi offense or tort, the party injured may obtain redress by an action ex delicto. If

the act of commission or omission which violates a personal right is, when considered by itself, a quasi offense, yet breaches a contractual duty, the party injured may, at his or her option, recover damages resulting therefrom either by an action ex contractu or ex delicto. Irrespective of which remedy is chosen, it remains a personal action; and, unless by statutory provision this personal action survives in certain designated beneficiaries, the rule of law expressed in the Latin maxim above quoted would apply, and the personal action would cease to exist with the death of the party injured.

Article 2315, R. C. C., and its amendments designate certain specified beneficiaries in whose favor this right of action survives for the space of one year. Among these beneficiaries, in default of others, are named the brothers and sisters of the decedent. Therefore, our answer to the first question is that the plaintiffs in this case had a cause of action ex delicto for the period of one year, as provided in the said article, during which they could have recovered such damages as their sister suffered from the tortious acts of the defendant which caused the breach of the contract of safe carriage. After the lapse of one year from the date of the death of their sister their right or cause of action ceased to exist. Not existing at this time, it cannot now be exercised.

Article 2315 of the Civil Code has been fully and learnedly discussed in the following cases. These cases justify the legal principles which we have just stated:

Flash vs. La. Western Rd. Co., 137 La. 352, 68 So. 636;

Cooper vs. Blank, No. 9329 Court of Appeal;

Payne vs. Georgetown Lumber Co., 117 La. 986, 42 So. 475;

Vaughn vs. Dalton-Lard Co., 119 La. 64, 43 So. 926;

Chivers vs. Roger, 50 La. Ann. 57, 23 So. 100;

Wortham's Civil Procedure, Note 1, under Art. 22;

Hubgh vs. N. O. & Carrollton Rd. Co., 6 La. Ann. 495;

Ballew vs. Andrew's Ex's., 10 La. 216;

Thompson vs. N. O. Ry. & Lt. Co., 145 La. 805, 83 So. 19;

**2.**

The second question concerns the rights of the plaintiffs, either as legal heirs of their deceased sister, or as the specified beneficiaries under Article 2315 of the Civil Code, to recover on the bond furnished by the Railway and Light Company in accordance with Ordinance 2346, Commission Council Series, such damages as their sister personally sustained as the result of the accident.

Our Supreme Court, in the case of Distefano vs. Michiels, 158 La. 885, has construed an action on a bond almost identical with the bond furnished in this case to be an action ex contractu and to be subject to the prescription of ten years, under Civil Code, Article 3544, and not to the prescription of one year, under Article 3536. Hence, had the decedent lived, she could have, at any time within ten years, brought her action ex contractu on the said bond, even though the bond was given for payment of damages arising ex delicto. Her action on this bond would have been a personal action, and this personal action, after the death of the party injured, may be brought only by the designated beneficiaries in Article 2315 within the time prescribed by said article during which the right of action survives, to-wit, one year from the date of the death of the injured party. Learned counsel for the

plaintiff practically concedes this to be true, in his original brief, when he says:

"It is easy to understand that where the deceased had an action either in tort for one year or in contract for ten years, there might be some reason for limiting the survival of this action in case of his death to the space of one year."

Therefore, the answer to the second question is that the plaintiffs, the brothers and sisters of the lady injured, have no right or cause of action at this time to recover on the bond the damages which might have been sustained by their deceased sister as a result of her injuries.

### 3.

This brings us to a discussion of the third question: Have the plaintiffs, either as the legal heirs of their deceased sister, or as the persons designated as beneficiaries in the second and last paragraph of Article 2315 of the Civil Code, a cause of action to recover from the principal and surety in the indemnity bond heretofore mentioned such damages as they themselves may have suffered from the wrongful death of their sister?

As legal heirs of their sister, they have no cause of action for her wrongful death.

Flash vs. La. Western Rd. Co.; 137 La. 352, 68 So. 636;

Cooper vs. Blank, No. 9329 Court of Appeal.

As the designated beneficiaries to whom a right of action is given under Article 2315 of the Civil Code, they have.

This suit having been filed nearly three years after the death of their sister, the question which must be determined is whether the prescription of one year, as provided by Article 3536 of the Civil Code, bars recovery. If this action is strictly an action ex delicto, the prescription of one year would apply; if, on the other hand, it is an action ex contractu, it could only be barred by the prescription of ten years, as provided by Article 3544 of the Civil Code.

As stated supra, our Supreme Court held as follows:

"The reason why the District Court ruled that the suit was barred by the prescription of one year was that he thought the action arose ex delicto. On the contrary, a suit against a surety on an indemnity bond, even though the bond was given for the payment of damages arising ex delicto, is itself an action ex contractu, and is subject to the prescription of ten years, under Article 3544 of the Civil Code—not the prescription of one year, under Article 3536. Poydras vs. Patin, 5 La. 324; Ballew vs. Andrus' Executor, 10 La. 216; Brown vs. Gunning's Curatrix, 19 La. 462; Brigham vs. Bussey, 26 La. Ann. 676; Fox vs. Thibault, 33 La. Ann. 32; Weints vs. Kramer, 44 La. Ann. 35, 10 So. 416; Levert vs. Sharpe, 52 La. Ann. 599, 27 So. 64; Gordon vs. Stanley, 108 La. 182, 32 So. 531."

The syllabus of the Distefano vs. Michiels case, 158 La. 885, 104 So. 914, prepared by the editorial staff, announces the principal decided by the case, in the following words:

"A suit against a surety on an indemnity bond given under Act No. 196 of 1918, for permission to operate public service cars, even though bond was given for payment of damages arising ex delicto, is an action ex contractu, and is subject to prescription of ten years, under Civil Code Art. 3544, and not to prescription of one year under Article 3536."

It will be noticed that the Supreme Court, in the Distefano case, cites with approval the leading case on this subject, Gordon vs. Stanley, 108 La. 182, 32 So. 531. In this latter case the entire jurisprudence of our state is thoroughly reviewed, the syllabus of the court reading as follows:

"1. Whilst it is true that mere error, negligence or imprudence, resulting in injury to another, may be a quasi offense, it is also true that one may by contract bind himself to compensate such injury; and because the injured party has an action in damages as for a quasi offense, it does not follow that he should be denied the right to sue on his contract, if he has one, and prefers that remedy.

"2. The bond given by the register of conveyances for the parish of Orleans, as required by Section 3153, Rev. St., constitutes a contract between that officer and the state for the benefit of those interested, that he will faithfully discharge the duties of his office; and, whilst an act of omission or commission with respect to such duties, considered by itself, may be a quasi offense, it is also a breach of the obligation of the bond, and an action on the bond for damages resulting therefrom is an action ex contractu, which is not barred by the prescription of one year applicable to quasi offenses."

We believe that the third question is squarely answered by these decisions. No attempt, either in argument or in the able and exhaustive briefs filed by the learned counsel for the defendants, is made to differentiate or distinguish the case at issue from the Distefano case. In fact, it is not even mentioned by him.

The exceptions of no cause or right of action, filed by the defendants in the lower court, and by the defendant New Orleans Railway and Light Company in this court, must necessarily be overruled, for the reason that the petition of the plaintiffs does disclose a right and cause of action to recover, in an action ex contractu, on the indemnity bond, against both the principal and surety named in said bond, for the damages suffered by them from the wrongful death of their sister; and, as this action was brought within the prescriptive period of ten years, the plea of prescription must likewise be overruled.

4.

The prescription applicable to plaintiffs' right of action having been fully discussed and disposed of, it is not necessary to separately consider it at this time.

Counsel for the defendants raises another point, in his supplemental brief, that the present plaintiffs, not being parties to the bond, cannot maintain an action thereon; that:

"The obligation of the bond was that if the railway company did not indemnify a person injured in person or property by its fault, or that of its servants, in the operation of the car covered by the bond, the surety company would do so up to the sum of $5000.00.

"But the claimant under the bond would first have to establish that he had been injured by the fault of the railway company, or of its servants, before there was any obligation to indemnify." ·

Then he argues: "The plaintiffs in this case were not injured in their persons. They had no property in their sister, hence did not sustain any damage to their property by her death."

Counsel would read into the bond words which are not in it. If his argument is correct, he would substitute, for the words "to his or their person", the words "physical injuries", which words manifestly are not synonymous. It is not necessary, however, to dwell on this point, for the reason that in the Distefano case the parents were suing to recover damages for the wrongful death of their infant child, and, as stated before, the bond in that case, having been given under the provisions of Act 196 of 1918, was worded identically the same as the bond given in this case under Ordinance 2346, Commission Council Series.

The contention that a claimant under the bond in the present case must first

obtain a judgment against the Railway Company establishing that he had been injured by the fault of the Railway Company or of its servants before any obligation on the part of the surety arises, is untenable. A mere reading of the ordinance and of the bond, both of which have been filed and are in the record, will destroy this contention. After reciting the provisions of the ordinance as the reason for executing the bond, the obligation follows:

"Now, therefore, the condition of this instrument is such that if the principal indemnifies the obligee or any other person or persons who may sustain damages to his or their person, or property, as a result of the fault of the principal, its agents, servants, or employees in an amount not to exceed the sum of five thousand dollars ($5000.00) for the car used and employed by the principal and known and designated as car No. —, then this instrument shall be null and void; otherwise to remain in full force and effect."

This matter has also been discussed in the case of Gardiner vs. N. O. Railway and Light Co., 155 La. 447, 99 So. 398.

There is nothing in the ordinance or in the bond above mentioned expressly or impliedly requiring the bringing of an action against the principal to determine its liability before an action is commenced on the bond.

For a full dscussion on the bonds required under the provisions of various state statutes and the decisions of the highest courts of those states, see:

Huddy on Automobiles, 8th Ed., 182.

White vs. Cain, 179 Wis. 478, 192 N. W. Rep. 57.

Fenton vs. Posten, 114 Washington 217, 195 Pac. 31.

City of Providence vs. Payne, 41 R. I. 333, 103 Atlantic 786.

Therefore, we are of the opinion, for the above mentioned reasons, that the plaintiffs in this case, for the loss suffered by themselves, have a right of action on the bond against both the principal and surety in the said bond, and that both defendants may be joined. in the same suit and judgment be rendered against both defendants in solido.

## ON THE MERITS

This case was tried by a jury which brought in a unanimous verdict against the defendants. · The record shows that a new trial was not asked in the lower court. A careful reading of the testimony of the witnesses shows no obvious error on. questions of fact in the jury's findings, which will not, therefore, under the repeated rulings of this court· and of the Supreme Court, be disturbed.

Plaintiffs were awarded by the jury the sum of five thousand dollars. As there was no evidence before the jury to show that the decedent, Miss Stephenson, sustained any damage for which she herself could recover, as she was rendered unconscious by her fall and remained so until her death, it is reasonable to believe that the entire amount was awarded to the four plaintiffs for the damages sustained by them caused by the wrongful death of their sister.

As we have decided that plaintiffs would have no right or cause of action at this time to recover for any damages sustained by their deceased sister, even if she had sustained any, we can allow only such damages to the plaintiffs as they have suffered by reason of her death, that is, by being deprived of her society and association, and of her love and affection.

We believe that the sum of five thousand dollars, as awarded by the jury, is some-

what larger than amounts awarded in previous decisions for damages of this character. In computing damages where the question of financial loss is not present, each case must necessarily be considered separately. All of the facts and surrounding circumstances have a direct bearing on the amount of the award. In the present case the evidence shows that Miss Stephenson was a highly educated woman, that at the time of her death she was 38 years of age, and that her relations with her brothers and sisters were exceedingly friendly. We therefore believe that, as there are four plaintiffs, two brothers and two sisters, an award in globo of twenty-five hundred dollars, with legal interest from judicial demand, is fair and reasonable.

It is ordered, adjudged and decreed that the judgment of the District Court is, for the reasons herein assigned, modified by reducing the amount of the said judgment from five thousand dollars to twenty-five hundred dollars, and in all other respects is affirmed—legal interest on the said sum of twenty-five hundred dollars to be computed from the date of judicial demand. Plaintiffs to pay costs of appeal.

---

## On REFUSING REHEARING

WESTERFIELD, J. The vehemence with which the application for a rehearing is presented, and our confidence in the sincerity of counsel, impels us to add the following observations to the very able opinion, as written by our brother of the District Court who, at our invitation, participated in the hearing and wrote the original opinion of ths court.

It is said that an action must be brought against the Street Railway Company within one year in order to hold either the Street Railway or the Surety Company. It is conceded that if this suit be filed against the Street Railway Company within one year, that the surety may be sued at any time within ten years. Why the obligation of the principal and surety should differ so materially is beyond us. If the principal is released by the failure of plaintiff to institute the suit within one year, of course, the surety would also be released, but the obligation of the surety is not conditioned upon suit being brought against the principal within one year. We know of no law which so restricts the contract of suretyship. As we understand it, a surety agrees with the creditor to satisfy the obligation if the creditor does not. R. C. 3035.

Suretyship is an accessory contract made for the assurance of the performance of the principal contract. R. C. C. 1171.

The principal contract in this case was the one entered into between the City of New Orleans on the one hand, for the benefit of its citizens, and the Street Railway Company, on the other. This agreement is either a contract or it is not. If it is not a contract, then the surety, who is a stranger to the operation of the street cars has no obligation whatever to any person injured by the railway company whether suit is brought within one year or ten.

If it is a contract, and not *contra bonos mores*, the prescription of action for its breach is ten years and not one year.

In Gordon vs. Stanley, 108 La. 182, 32 La. 531, the Recorder of Conveyances, and his sureties, were sued after a year had elapsed from the date of his alleged fault. This case, in principle, is identical with the instant one. There, the bond ran to the State of Louisiana for the benefit of interested parties, as in this case, where

the city represented the public. The suit was brought by an individual who suffered, as a result of the recorder's fault. The prescription of one year was urged. The court said:

"Whilst it is true, therefore, that mere error, negligence or imprudence, resulting in injury to another, may be a quasi offense, it is also true that one may, by contract, bind oneself to compensate such injury; and because the sufferer may have an action in damages for a quasi offense, it does not follow that he should be denied the right to sue on his contract, if he has one and prefers that remedy."

It is conceded that a passenger may sue on an implied contract of carriage for damages sustained through negligence of the carrier and the action is subject only to ten years, yet, it is contended that when an express contract is made to indemnify all persons injured by the carrier, a suit can not be brought on the contract but only ex delicto, and within one year. We attribute the confusion of counsel to the fact that a surety was given by the street railway and to the practice of referring to the agreement with the city as a bond.

If the word contract is employed, and the street railway be considered as the principal, and the surety company as the surety, on the one hand, and the City of New Orleans for the benefit of all persons injured as the creditor of the contract, the situation appears in a clearer light.