### CHUSTZ v. NEGROTTO et al.
#### No. 16223.

Court of Appeal of Louisiana. Orleans.
Feb. 10, 1936.

Frank T. Doyle, of New Orleans, for appellants.

Stanley A. Baron, of New Orleans, for appellee.

WESTERFIELD, Judge.

Henry and Adele Ramond bring this action through their tutrix, Mrs. Jules Froment, claiming damages for the negligent killing of their sister, Alma Ramond, as the result of an automobile accident which occurred in the city of New Orleans on May 6, 1934. The defendants, Lewie Negrotto, Jr., Lewie Negrotto, Sr., and their insurance carrier, the Missouri General Accident & Liability Insurance Company, Limited, in their answer denied liability, but upon the trial of the case, admitted their responsibility, whereupon the trial court awarded judgment to plaintiffs in the sum of $2,000 to each plaintiff for loss of companionship, love, and affection, plus $177, being one-half of the funeral expenses, a total of $4,354. The allowance for funeral expenses is not contested, but it is contended that $1,000 for each plaintiff would otherwise be proper. By answer to the appeal plaintiff's counsel seek to have the judgment increased, directing our attention to the fact that the death of Alma Ramond was due to the reckless carelessness of the defendant Negrotto, Jr., in the operation of the automobile in which Alma Ramond was a guest, and that her head was crushed, with the result that her mangled corpse presented a particularly gruesome appearance. The fact that she was a young woman, nineteen years of age, is stressed, and the circumstance that the parents of Alma and her brother and sister were dead is pointed to as an indication that her younger brother and sister were unusually close to her.

We have no doubt that the unfortunate young woman was of excellent character and was also a dutiful and helpful sister to the plaintiffs, and, of course, the manner of her death was most unfortunate except in the respect that it was instantaneous. We are convinced that her relations with her brothers and sisters and the affection subsisting between them were quite normal. In Thompson v. New Orleans Ry. & Light Co., 148 La. 698, 87 So. 716, 718, the Supreme Court said:

"It is but recently that the law has been so amended as to allow brothers and sisters to recover in a case such as this. The amount of the recovery must necessarily be gauged by the intimacy of the relation, association, and feeling of the plaintiffs toward the deceased. Here, the deceased lived in the house with the plaintiff brother, and the other plaintiff was a sister residing in another part of the state, whom she visited three or four times a year, principally during her vacation from work as an employee of a department store in the city of New Orleans. However, their relations were close and cordial, and we have every reason to assume that the sister's tragic death caused them severe nervous shock and mental suffering which should be compensated as far as money can do so."

We cannot take into account any circumstance except such as would throw some light upon the issue here which does not involve any inherited cause of action, for plaintiff's sister, according to the allegations of the petition and the admission of all parties, died instantaneously. There is no claim and no proof of dependency on the part of the plaintiffs, nor of any contribution to their support by their deceased sister. We are referred to a number of cases involving claims made by brothers and sisters. Thompson v. New Orleans Ry. & Light Co., supra; Stephenson v. New Orleans Ry. & Light Co., 7 La.App. 356; Langenstein v. Reynaud, 13 La.App. 272, 127 So. 764; Quaid v. Heymann (La. App.) 150 So. 867. No standard or uniformity of award can be followed in cases of this sort. Hamburger v. Katz, 10 La. App. 215, 120 So. 391; Biaggini v. Toye Bros. Yellow Cab Co. (La.App.) 163 So. 780; Masaracchia v. Inter-City Express Lines, Inc. (La.App.) 162 So. 221, 226. We have concluded to allow $1,500 to each of the two plaintiffs on account of their claim for loss of companionship of their sister.

For the reasons assigned the judgment appealed from will be amended by reducing the amount awarded each plaintiff from $2,177 to $1,677, and, as thus amended, the judgment is affirmed; costs of appeal to be paid by plaintiff-appellee.

Amended and affirmed.