**LECHE, Governor, ex rel. MOORE et ux.
v. UNITED STATES FIDELITY &
GUARANTY CO.**

No. 17188.

Court of Appeal of Louisiana. Orleans.

April 24, 1939.

Spearing, McClenden & McCabe, of New Orleans, for appellant.

Daniel Wendling and Johnston Armstrong, both of New Orleans, for appellees.

JANVIER, Judge.

This matter comes before us on motion to dismiss the appeal for want of jurisdiction in this court ratione materiae. The motion is based on the contention that the suit arises ex contractu and that the amount involved exceeds $2,000 and that, therefore, this court has no jurisdiction to entertain this appeal.

In order that an understanding be had of what is involved, it is necessary that we state the facts as they appear in the record. Lezin H. Himel is, and, at the time of the occurrences on which this suit is based, was, sheriff of the Parish of Assumption in this state. The present defendant, United States Fidelity & Guaranty Company, was surety on his official bond as sheriff. On October 11, 1933, Fred Moore, age 16 years, son of Louis Moore and Lilly E. Moore, was in the custody of the said sheriff, charged with murder. On that night the said Fred Moore was taken from the sheriff, the petition alleges, "by an irresponsible mob and hanged * * *". The said Lilly E. Moore and Louis Moore brought suit against the said sheriff and his said surety, United States Fidelity & Guaranty Company, claiming damages ex delicto on the ground that the sheriff had not performed his duty to protect their said minor son and that, thus, he and his surety were liable to them for the loss sustained in the death of their said son. That suit was filed in the United States District Court for the Eastern District of Louisiana and citation was served on both the said defendants, Himel, the sheriff, and his surety, the present defendant.

The said surety excepted to the jurisdiction of that court and on this exception that suit was dismissed as to it. After the dismissal of the surety, the matter went to trial and judgment was rendered in favor of the plaintiffs and against the sheriff for a sum in excess of $2,000. Thereafter the said Louis Moore and the said Lilly E. Moore, father and mother of the minor, through his excellency, the Governor of the State of Louisiana, who is the obligee named in the bond, brought this suit against the United States Fidelity & Guaranty Company, basing their claim on the judgment previously rendered against the said sheriff and alleging the liability of the surety to pay the said judgment.

Judgment was rendered in favor of plaintiffs and against the surety, as prayed

for, and the said surety has appealed to this court.

We have no jurisdiction wherever the amount involved exceeds $2,000 "except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances", or in "any suit for compensation under any State or Federal Workmen's compensation law, or employer's liability act * * *". Sections 10 and 29, Article VII, Constitution of 1921; Spearman v. Toye Bros. Auto & Taxicab Company, 164 La. 677, 114 So. 591; Craten v. Aetna Life Insurance Company of Hartford, La.App., 167 So. 856. Thus, we have jurisdiction here if the suit can be said to be one for damages for physical injury or death and we have not jurisdiction if it can be said to have arisen ex contractu.

It is the contention of appellant that the suit is one for damages "for the death of a person, or for other damages * * * arising out of the same circumstances", whereas appellee maintains that it is a suit for recovery under a bond and, thus, arises ex contractu.

It has been held that "obligations arising from a sheriff's bond, as relates to the sureties, are obligations ex contractu and not ex delicto, even when the bond is given to cover damages, resulting from torts or omissions of duty of the principal therein." Poydras v. Patin, 5 La. 324, (I). Ballew v. Andrus's Executor, 10 La. 216.

In Distefano et al. v. Michiels, 158 La. 885, 104 So. 914, 915, the Supreme Court said:

"* * * a suit against a surety on an indemnity bond, even though the bond was given for the payment of damages arising ex delicto, is itself an action ex contractu * * *".

It is true that in Stephenson v. New Orleans Railway & Light Co., 165 La. 132, 115 So. 412, the Supreme Court used language which seemed to indicate a disapproval of this view. But it is not certain, from the language used, that the court intended to express such disapproval and, in view of the plain statement in Distefano v. Michiels, supra, and because of a later decision of the Supreme Court, Fisher v. Levy, 180 La. 195, 156 So. 220, 222, 94 A.L.R. 1297, we are of the opinion that that court has not departed from the doctrine which seems to have been so firmly established in the jurisprudence here and elsewhere. In Fisher v. Levy the Supreme Court very plainly announced the view that, though the primary cause of action may be based on a tort, if there is involved an attempt to recover under a bond, that part of the action which is on the bond is an action ex contractu. The court said:

"* * * While plaintiff's action involves a tort, it also involves a bond, and the action is upon the bond. * * *".

This principle is the prevailing view elsewhere. In Corpus Juris, Vol. 57, "Sheriffs & Constables", sec. 109 at page 1059, appears the following:

"While there is some authority to the contrary, it would seem to be the proper rule that the liability of the sureties on the official bond of a sheriff or constable is ex contractu and not ex delicto, although the default upon which the liability is founded may constitute a tort, * * *".

We are well convinced that the action now before us is one ex contractu and not ex delicto, particularly since all of the issues presented in the original action ex delicto were disposed of in that matter and the principal defendant, the sheriff, is no longer a party to the litigation.

The appeal should not be dismissed, but, under Act No. 19 of 1912, should be transferred to the Supreme Court.

It is therefore ordered, adjudged and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer to be made within 60 days after this judgment becomes final and, if not so made, then the appeal to be deemed dismissed; defendant and appellant to pay the costs of appeal in this court, the remaining costs to await final determination of the matter.

Appeal transferred to Supreme Court.